STILMAN LOOK *versus* ACKLEY NORTON.

Possession alone, although for a less term than twenty years, is sufficient to maintain an action of trespass *quare clausum* against every body who has not the legal title or who has not the permission of the legal owner.

ON REPORT.

TRESPASS *quare clausum*, for entering and cutting wood and timber.

Plaintiff testified he had been in possession of the *locus in quo* since 1827. Moved upon the lot October 25, 1828, and continued to live there until July, 1849, and have occupied the lot ever since. Enclosed eight or ten acres where house and barn were. Claimed the lot by adverse possession. Built a house and two good barns and good fences which are now standing. Wood not cut within the inclosure by defendant. "Mr. Asa Tucker moved into our house on the lot twenty-six years ago. Told him when he got ready I would assist him about building a house, and let him have a piece of land when I got a·title. Expected to get a title by purchase of the owner. Did not consider I then had a title, because I had not been there twenty years. Tucker lived in my house about two years. I never gave Tucker any deed."

Defendant put in a deed of quitclaim, dated September 13, 1841, from Asa Tucker to Jotham Lippincott, of all Tucker's "right, title and interest to a part of the lot now occupied by Stilman Look, and the labor done upon the same."

*Jotham Lippincott*, called by defendant, testified : — "Met Tucker and Look together, when Tucker proposed to give me this deed and stop the action. My impression is Look agreed to disclaim any title to the part Tucker was to convey to me. Look told me Tucker was to have the southern part of the lot, where Tucker's house stood. Tucker had a field, some potatoes and some grain. I did not authorize Norton to cut on the part of the lot I claim. I told him if he got clear of Look he must settle with me for cutting on my part of the lot. I put in specifications of defence."

Plaintiff denied the conversation testified to by Lippincott.

The action was continued on report, the Court to draw such inferences as a jury might, and enter such judgment as the law and evidence warranted. In case of judgment for the plaintiff, damages to be assessed by Shadrack L. Wass.

*J. A. Milliken*, for the plaintiff.

*J. Lippincott*, for the defendant.

DANFORTH, J. — As early as 1827 the plaintiff took possession of the land upon which the alleged trespass was committed, and moved upon it in October, 1828. From his own testimony, we learn that, when he took possession, he expected to get a title from the owner by purchase ; that, after having been sometime in possession, he did not consider that he then had a title, because he had not been in possession twenty years. What effect this testimony may have upon his title, it is not necessary for us to determine. There can be no doubt, from the testimony in the case, that, at the expiration of the twenty years, and previous to the trespass complained of, he was in possession of the *locus in quo*, claiming it as his own. This possession and claim continued up to the commencement of the action. This,

though at the time of the trespass had continued less than twenty years, gave him a title against every one who could not show a better claim; and was sufficient .to enable him to maintain his action against a mere wrongdoer. *Kilbourne* v. *Revere*, 8 Gray, 415; *Moore* v. *Moore*, 21 Maine, 350; *Hunt* v. *Rich*, 38 Maine, 195.

The defendant attempts to justify under. Mr. Lippincott, who is claimed to be the true owner. The testimony, however, fails to show any title in him. He has only a quitclaim deed from Asa Tucker, under which he never took possession; while Tucker's possession, so far as he had any, was in subordination to that of the plaintiff. But, if Lippincott had the title, the defendant shows no permission to himself; he therefore cannot avail himself of that title. *Merrill* v. *Burbank*, 23 Maine, 538.

As to the question of damages, they must be commensurate with the injury. The plaintiff had the same possession and claim of title to the trees and wood carried away, which he had to the soil. He is therefore entitled to recover for their value, as well as for the injury to the land. *Cutts* v. *Spring*, 15 Mass., 137.

> *Judgment for plaintiff, and, according to the agreement of the parties, damages are to be assessed by Shadrack L. Wass of Addison.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.