Bauer v. Clay.

---

ANDREW BAUER v. GEORGE P. CLAY.

1. PLEADING—PROOF—PRACTICE; *False Imprisonment*. Where a party sues for a wrongful imprisonment, and sets forth in his petition that the imprisonment was procured by the defendant through the means of a void warrant, and through malice and without probable cause, he may recover, provided he shows that a portion only (with respect to time) of the imprisonment was wrongful, and provided he shows either that it was procured on a void warrant or through malice, and without probable cause.

2. MALICIOUS PROSECUTION; *Probable Cause*. The owner of swine is required to keep the same from running at large, and if he omit to do so his swine may be taken up and posted as strays; and the owner has no right to believe or suspect that the person who takes up such swine under the stray laws has stolen them, and a prosecution of such taker-up, as for the larceny of said swine, is malicious and without probable cause.

3. FALSE IMPRISONMENT; *Malicious Prosecution; Damages.* Where a party prosecutes another willfully and maliciously, as for a larceny, and causes such other to be imprisoned for such alleged larceny, knowing that no crime has been committed by the person charged therewith, such party in an action by the injured person for the wrongful imprisonment ought to be required to pay damages for all the injuries which resulted from such wrongful imprisonment.

### *Error from Leavenworth District Court.*

ACTION for false imprisonment. *Bauer* and *Clay* were neighbors. *Bauer* permitted his hogs to run at large, and *Clay* took them up as strays, under the stray law. *Bauer* made an affidavit before a justice that his hogs had been stolen, and that they were detained by *Clay* and on his (Clay's) premises. A search warrant was issued, *Clay* was arrested, a preliminary examination was had before the justice, and *Clay* was held for his appearance before the criminal court of Leavenworth county to answer to the charge of grand larceny, and was committed to the county jail. He afterward was admitted to bail; and at the June Term, 1869, of said criminal court he was tried upon said charge of grand larceny and was acquitted. He then brought suit against *Bauer* to recover damages, claiming that the proceedings instituted against him by *Bauer* were knowingly false, malicious, vexatious, and without probable cause, etc. This action was tried at the December Term 1869 of the district court. Verdict and judgment in favor of *Clay* for $325. New trial refused, and Bauer brings the case here by petition in error.

*F. P. Fitzwilliam*, for plaintiff in error
*N. Hoysradt*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: In the court below Clay as plaintiff set forth in his petition, in one count, facts sufficient to constitute what were formerly known as the actions for false imprisonment and for malicious prosecution. He set forth that Bauer maliciously, illegally, and without probable cause caused the plaintiff to be

arrested and imprisoned in the following manner: Bauer made an affidavit before a justice of the peace, not charging Clay with any offense, but stating that certain of Bauer's hogs had been stolen and were then concealed by and on the premises of Clay; caused a search-warrant to be issued, with a clause illegally inserted therein for the arrest of Clay; caused Clay to be arrested thereunder and taken before the said justice and then caused Clay to be imprisoned by the justice in the county jail, etc. Whether said affidavit charged any offense against Clay, or whether said clause in the warrant ordering the arrest of Clay was was legally or illegally inserted, are questions upon which with our view of this case it is unnecessary to express any opinion. It is claimed that the affidavit did not charge any offense against Clay because it did not state that Clay stole the hogs, nor that he had any knowledge that they had been stolen. And it is claimed that the clause inserted in the warrant for the arrest of Clay was illegally inserted, first, because the affidavit did not charge any offense, and second, because the law does not authorize such a clause to be inserted in a search-warrant. The facts set forth in the petition in the court below appear from the petition itself to have been parts of one continuous transaction, and therefore with regard to the imprisonment they really constituted but one cause of action. The illegal imprisonment of Clay commenced at the time he was first arrested and continued until he was discharged from the county jail. The answer of the defendant to said petition was a general denial. The case was tried before the court and a jury. " The plaintiff to maintain the issue on his part offered evidence; and thereupon the defendant objected to any evidence being given under the pleadings in the case unless the plaintiff elected to try the action for malicious prosecution or for false imprisonment. Thereupon the plaintiff elected to try his action for false imprisonment, and the action was proceeded with and tried upon and for false imprisonment." But the whole trial of the cause shows that neither the plaintiff nor the court understood that the plaintiff was by this election required to be restricted within any narrow or unreasonable

rules. The plaintiff was allowed to prove all the material alle-gations of the petition *concerning the imprisonment* from the time the plaintiff was first arrested under the search-warrant until he was finally discharged from the county jail by giving bail. This we think was right.

Under the petition the plaintiff had the right to show that all or any portion of the imprisonment was illegal, and to show that it was illegal, first, because the proceedings under which it was effected were illegal and void, or second, because the pro-ceedings were instituted by the defendant from malice and without any probable cause therefor. And the plaintiff would not be wholly defeated by a showing on the part of the defend-ant that a part of the imprisonment was legal if the other part was illegal, nor would he be defeated by a showing on the part of the defendant that the warrant under which the plaintiff was arrested was upon its face valid, so as to protect the consta-ble who executed it, or even a showing that the whole proceedings were upon their face valid, provided the proceedings were insti-tuted and the warrant procured by the defendant through malice and without probable cause. Nor would the plaintiff be defeated by a showing that the defendant acted in good faith, and upon probable cause, (this was not shown however,) pro-vided the whole of the proceedings of the justice were void. The trial below was a long and tedious one. Objections were made indiscriminately by counsel for defendant below to almost every ruling of the court, but the most of the rulings were so obviously correct that we do not think it is necessary to con-sider them specially or in detail. Under the petition the rulings of the court on the introduction of evidence was substantially correct. Slight and unimportant errors may possibly have been committed. The instructions to the jury were more favorable to the defendant than he had a right to claim. The verdict was amply sustained by the evidence, and the judgment followed the verdict.

The main difficulty in this case, however, arises from the said election of the plaintiff below " to try his action for false imprisonment." If that election is to be construed as an elec-

tion to try the case as an old common-law action for false imprisonment, it is possible that some of the rulings of the court below were erroneous.   But if it is to be construed as an election to try the case as an action for the wrongful imprisonment alone, without regard to any damages except such as flowed from the wrongful imprisonment, without regard to any other wrongs that may have been committed, without regard to the prosecution concerning the hogs on the search-warrant, without regard to whether the warrant for the arrest of the plaintiff was upon its face void or valid, without regard to whether the proceedings before the justice were void or valid, without regard to whether the action for the wrongful imprisonment should have been at common law prosecuted as an action of trespass or an action upon the case, then there was clearly no error.   We think this latter construction is the correct one.   It seems to have been the construction given by the court below, and by the plaintiff.   And if it is the correct one, then we think the plaintiff had a right to recover for the wrongful imprisonment, even if it was such an imprisonment as could be sued for at common law only in an action on the case—in such an action as would at common law have been technically termed an action for *malicious prosecution*.   Who can suppose that the plaintiff intended to elect to try his case as an old obsolete common-law action, unknown to our code of practice? Under our code where a party has a cause of action containing all the elements of both malicious prosecution and false imprisonment, as understood at common law, he is not bound as he was at common law to prosecute for the one or for the other, but he may prosecute for his whole cause of action.   For instance, he may allege, in one count of his petition, and prove that he was arrested and imprisoned on a void warrant, and that the warrant was procured through malice and without probable cause. That there was a material difference at common law between malicious prosecution and false imprisonment is admitted; that malicious prosecution could be maintained in many cases where no arrest or imprisonment had ever been made, will also be admitted; but that there were may causes of action at common

law which contained all the elements of both actions, and could be prosecuted as either, must also be admitted. In the present action the plaintiff was not bound to make any election at all, and the court did not require him to do so. Hence we should construe his election very liberally in his favor.

The whole proceedings by which the plaintiff was arrested and imprisoned from beginning to end were malicious, and without probable cause. The proof showing that the justice ordered that Clay should be bound over for his appearance at court, or in default of bail that he should be committed to the county jail, is only *prima facie* and not conclusive evidence of probable cause.—*Ash v. Marlow*, 20 Ohio, 119; *Ewing v. Sanford*, 19 Ala, 605. The justice himself made a great mistake in not discharging Clay; but the evidence before the justice was not as clear and convincing that the proceeding was malicious and without probable cause as the evidence before the jury that tried this cause. Bauer's hogs had not been stolen, and he had no right to believe or even suspect that they had been stolen. They were running at large, contrary to law; (Gen. Stat., 1011;) Clay took them up, as he had a right to do, under the stray law; (Gen. Stat., 1012, § 53;) and Bauer unquestionably knew that they were taken up. The evidence all tends to show this, and Bauer ought to have been required to pay for all the injuries that resulted from the wrongful imprisonment of Clay. The court, however, allowed the plaintiff to recover damages for such imprisonment only up to the time of the preliminary examination before the justice. This ruling of the court would have been correct if the decision of the justice had been final and conclusive. But as we have already seen such decision of the justice was not final and conclusive. (20 Ohio, 119; 19 Ala., 605.) The plaintiff still had the right to show that the imprisonment that succeeded the preliminary examination was malicious, and without probable cause. If he had not such right, then of course the court below erred in allowing, as it did, the plaintiff to introduce evidence concerning such imprisonment, and the cost of being discharged therefrom, with all the circumstances connected therewith, in minute and circumstantial detail. The

37—8TH KAS.

imprisonment that preceded the preliminary examination was wrongful for two reasons: first, it was procured through the means of void proceedings; second, it was procured through malice and without probable cause. But the imprisonment that succeeded the preliminary examination was wrongful only for one reason; it was procured through malice and without probable cause. The judgment of the court below must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.