BELLEVILLE PUMP AND SKEIN WORKS, Respondent, *v.* A. SAMUELSON AND GEORGE M. CANNON, Appellants.

1. *Reports to Commercial Agency—Effect.*

The fact that a commercial agency (upon whose report plaintiff relied in a contract) changed the total of a column of added liabilities so as to make the sum correspond to the correct

. addition of liabilities is not such an alteration of a contract as to change its legal effect; and the right rule respecting the alteration of written contracts cannot be applied to a report . made to a commercial agency by a business firm, for the purpose of obtaining credit.

2. *Commercial Agencies—Representations to.*
   Statements to commercial agencies, when communicated to persons relying upon them, have the same effect as when made directly to them; and creditors so relying may rescind the sale, and demand a return of the property, when they find the statements to be false, and bring suit to recover the property. But statements involving estimates of value—opinion or judgment only—cannot be relied upon to avoid a sale.

3. *Rights of Vendee or Mortgagee without Notice.*
   If a vendee in possession of property by virtue of a sale, voidable because obtained by means of false and fraudulent representations, mortgages or sells it for a valuable consideration to another, who is without notice, the rule is that the rights of such mortgagee or vendee are superior to those of the defrauded vendor, qualified, however, by the rule that, if the sum secured by the consideration of such subsequent sale is an antecedent debt, the right of such mortgagee or vendee cannot avail against that of the defrauded vendor electing to rescind.

4 *Findings of Fact.*
   Where there is evidence to support a finding in a law case, the appellate court will not disturb the finding.

(No. 841.   Decided Feb. 24, 1898.)

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Action by the Belleville Pump & Skein Works against the Sorenson & Neilson Furniture Company and others to rescind a sale and recover personalty on the ground of fraud. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Barlow Ferguson,* for appellants.

The extension of time for the payment of the debt will be deemed sufficient to entitle the creditor to the protection given to *bona fide* purchasers for value. 20 Am. & Eng. Enc. 592; *Gilchrist* v. *Gough*, 30. A. R. 252; *Port* v. *Embree*, 54 Ia. 14; *Sullivan* v. *Young*, 55 Ia. 134; *Lundberg* v. *N. W. El. Co.*, 43 N. W. 136; Chobby Chat. Mtgs. Sec. 136; *Corey* v. *White*, 52 N. Y. 142; Pom. Eq. Jur. Sec. 749 and note; Jones on Chat. Mtgs. Sec. 81; *Paddon* v. *Taylor*, 44 N. Y. 371; *Bank of Rep.* v. *Carrington*, 73 Dec. 86; *Full* v. *Brownell*, 67 N. W. 6; *Spunx* v. *Sullivan*, 58 Mo. Ap. 582; *Berlin Match Wks.* v. *Trust Co.*, 61 N. W. 1,131; *Peterson* v. *Steiner*, 18 So. 688.

Giving a new note for one already overdue amounts to an extension of a former debt and is sufficient to constitute a holder for value. 2 Rand. on Com'l paper, Sec. 459; *Pratt* v. *Coman*, 37 N. Y. 440; *Holzworth* v. *Coach*, 26 Ohio St. 33; *York* v. *Pearson*, 63 Me. 587.

*Booth, Lee & Gray*, for respondent.

ZANE, C. J.:

This is an appeal from a judgment for the plaintiff against the defendants for the goods described in the complaint. The plaintiff, in Belleville, Ill., sold the defendant, the Sorenson & Neilson Furniture Company, a firm doing business in Salt Lake City, Utah, upon the latter's order, the bill of goods in question, upon a credit of four months. After the goods were delivered, the plaintiff elected to rescind the sale, and brought an action to recover them, on the ground that the representations of the furniture company as to its assets, liabilities, and financial responsibility, upon which it relied, were false and fraudulent. The issues were tried by the court upon the evidence, and found for the plaintiff.

On the trial the plaintiff offered in evidence a written statement of the assets and liabilities of the furniture company, delivered by it to the Bradstreet Commercial Agency, in Salt Lake City, and by the latter communicated to the plaintiff in Belleville. The footing of the items constituting the liabilities of the furniture company, as indicated by the figures under the column, when the statement was delivered to the commercial company, was $8,-563.45; but, when correctly added, the items only aggregated $5,773.45. Through the $8,563.45, the commercial company drew a pencil mark, and under it wrote "$5,-773.45." The statement, as corrected, the commercial company delivered to the plaintiff. To the ruling of the court in admitting the statement as changed, the defendant objected and excepted. The figures of the respective items constituting the liabilities, with those of the assets, if correctly stated, showed the financial responsibility of the furniture company. The erroneous footing did not. It indicated a mistake. The report represented just what a correct footing of the items indicated. The commercial agency had no right to make any change in the import of the statement received from the furniture company. For any such change of meaning the latter would not be responsible; but the correction of a mistake in footing, apparent from the face of the paper, we cannot regard as a change of the meaning or its import. The meaning of the report, when all considered together, was the same with the correction as without. Any alteration of a contract after delivery, by one party, without the consent of the other, changing its legal effect as to the party not consenting, renders it absolutely void. Mistakes in such papers can only be corrected with the consent of both parties, or when mutual, as to a mistake of fact, they may be reformed by a court of equity. The same rigid rule

cannot be applied to a report made by a business firm to a commercial agency for the purpose of obtaining credit.

The court did not err in overruling the objection to the admission of the report in evidence. Such reports by merchants or other dealers to commercial agencies are for the purpose of informing those whom they may ask to trust them of their financial standing and ability to pay debts they may contract. Such statements to commercial agencies, when communicated to persons relying upon them, have the same effect as when made directly to them; and the creditor so relying may rescind the sale, and demand a return of the property, when he finds the statements to be false, and bring suit to recover his property. *Humphrey* v. *Smith*, 39 N. Y. Supp. 1055; *Mooney* v. *Davis*, 75 Mich. 188; *Bank* v. *Bamberger*, 19 Am. St. R. 738; *Eaton* v. *Avery*, 38 Am. Rep. 389.

It is true that statements involving estimates of value —opinion, judgment, only—cannot be relied upon to avoid a sale; and such statements must be such as would be likely to deceive a prudent man in the light of all the circumstances within the seller's knowledge. Benj. Sales (Bennett's Notes) p. 443; *Gregory* v. *Schoenell*, 55 Ind. 101; *Kendel* v. *Scott*, 70 Cal. 514.

While some of the items of the statement relied upon in this case to avoid the sale involve estimates of value,— judgment only,—others involve statements of fact; and we think they were such as a reasonable man might believe under the circumstances attending the sale as shown by the evidence.

It is further urged that the furniture company, after purchase and possession, executed chattel mortgages on the property to the other defendants, without notice to them of the fraud or any intention to rescind. If a vendee in possession of property, by virtue of a sale, voidable

because obtained by means of false and fraudulent representations, mortgages or sells it for a valuable consideration to another, who is without notice, the rule is that the right of such mortgagee or vendee is superior to that of the defrauded vendor. This rule is qualified, however, by another, based, as we think, upon the weight of authority as well as upon sound reason, which is, if the sum secured by the consideration of such subsequent sale is an antecedent debt, the right of such mortgagee or vendee cannot avail against that of the defrauded vendor electing to rescind. In that case the confidence involved in the creation of the antecedent debt could not have been induced by the voidable sale; and, if such fraudulent sale is rescinded, the antecedent debt remains due to the mortgagee or vendee, with the remedy for its collection. But if, in the transaction between the mortgagee or vendee and his mortgagor or vendor, a new consideration is given, such as the surrender of security, the extension of time, or the surrender of any other right, or the incurring of any new liability, the mortgage or purchase will be valid against the defrauded vendor. *Busenbarke* v. *Ramey*, 53 Ind. 499; *Woodburn* v. *Chamberlin*, 17 Barb. 446; 20 Am. & Eng. Enc. Law, 591; *Gilchrist* v. *Gough*, 30 Am. Rep. 250; Jones, Chat. Mortg. (3d Ed.), § 81; *Cary* v. *White*, 52 N. Y. 138; *Port* v. *Embree*, 54 Ia. 14; *Thompson* v. *Van Vechten*, 27 N. Y. 568.

The court below found—and there was evidence to support it—that the debts for which the new notes were given, and which the mortgages relied upon were made to secure, were incurred long before the sale was made which the plaintiff seeks to set aside. But it also appears that, after the voidable sale of the goods, the furniture company executed new notes for the antecedent indebtedness, and the mortgages relied upon by the defendants, on all the

company's property, to secure them, the legal effect of which, standing alone, would have been to extend the time of payment of such indebtedness. The court, however, found that the mortgagees immediately went into possession of the mortgaged property, and continued to sell it, and apply the proceeds on the new notes. In effect, the court found that the sole purpose of the new notes, and the mortgages to secure them, was security, and not the extension of the time of payment, and that they were so treated by both parties to the transaction; and there is evidence in the record to support the finding. That being so, and this being a law case, we have no authority to disturb the finding. *Walley* v. *Bank*, 14 Utah 305; *Johnston* v. *Meaghr*, 14 Utah 426. The judgment is affirmed.

BARTCH and MINER, JJ., concur.