HARRIET ANN WATSON, Administratrix, and HAR-RIET ANN WATSON, Appellants, v. THE BUT-TERFIELD MINING COMPANY, a Corporation, and WILLARD KAY, Respondents.

### No. 1315.   (66 Pac. 1067.)

1. **Appeal: Conflicting Testimony: Findings not Disturbed.**
In an action at law, where there is substantial conflict in the evidence, findings of the trial court will not be disturbed on appeal.[1]

2. **Evidence: Intention of Third Party: How Determined: Opinion.**
A witness can not testify as to the purpose of a third person in doing a particular act, but such purpose, when material, must be determined by the court or jury from the facts and circumstances only attending the act.

---

[1]Skein Works v. Samuelson, 16 Utah 234, 240; 52 Pac. 282; Walley v. Bank, 14 Utah 305; 47 Pac. 147; Johnston v. Meaghr, 14 Utah 426; 47 Pac. 861; Whitesides v. Green, 13 Utah 341; 44 Pac. 1032; 57 Am. St. Rep. 740; Larsen v. Onesite, 21 Utah 38; 59 Pac. 234; Coates v. Union Pac. R. R. Co., 24 Utah 304; 67 Pac. 670.

(Decided December 24, 1901.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. Ogden Hiles,* Judge.

Action to recover the value of ore alleged to have been
wrongfully extracted from the Drum Lummon vein by the
defendant company and converted by it. From a judgment
in favor of the defendants, the plaintiffs appealed.

AFFIRMED.

*Messrs. Powers, Straup & Lippman* for appellants.

*Messrs. Bennett, Howat, Sutherland & Van Cott* for respondents.

BASKIN, J.—The plaintiff in this action brought suit
to recover the value of ore alleged to have been wrongfully
extracted from the Drum Lummon vein (an undivided fourth
of which belonged to plaintiff) by the defendant company,
and converted by it. The defendant company, in its answer,
alleged that it was the owner and possessor of the Eagle Bird
mining claim, and that the vein from which the ore in question was extracted apexes within the lines of said claim, and
upon its dip passes through and beneath the surface of the
Drum Lummon, and that the plaintiff wrongfully claims that
part of the Eagle Bird vein, from which the ore in question
was extracted, lying beneath the surface of the Drum Lummon
claim.

The appellant's first assignment is that "the court erred
in its findings of fact and conclusions of law to the effect that
the vein on the surface of the Eagle Bird claim was the
same vein as that found in the Eagle Bird drift in the
Drum Lummon ground, from which the ore in question

was extracted." Several expert witnesses on behalf of the plaintiff testified that the apex of the vein from which the ore was extracted was within the surface boundaries of the Drum Lummon claim, and a greater number testified that the apex was within the surface boundaries of the Eagle Bird. There was a substantial conflict in the evidence in respect to the apex of the vein from which the ore was extracted. When such is the case, in actions at law, this court has frequently decided that the findings of neither the trial court nor the jury will be disturbed on appeal if there is evidence in the record to support the same. This being an action at law, and there being ample evidence to support the finding to which appellant objects, under the well-settled practice in this court the finding should not be set aside. Skein Works v. Samuelson, 16 Utah 234, 240, 52 Pac. 282; Walley v. Bank, 14 Utah 305, 47 Pac. 147; Johnston v. Meaghr, 14 Utah 426, 47 Pac. 861; Whitesides v. Green, 13 Utah 341, 44 Pac. 1032, 57 Am. St. Rep. 740; Larsen v. Onesite, 21 Utah 38, 59 Pac. 234; Coates v. Union Pac. Ry. Co., 24 Utah 1; 67 Pac. 670.

The only other assignment discussed by appellant is as follows: "The court erred in refusing to permit the appellant to testify as to whether it was not apparent to an expert miner that respondent, in running the flattened portion of its incline, did so to avoid the disclosure which would have followed if the incline had continued down at sixty or sixty-four degrees." It is not competent for a witness to testify to another's intentions. Bank v. Koch, 105 N. Y. 650, 12 N. E. 9; Cihak v. Klekr, 117 Ill. 643, 655, 7 N. E. 111. The purpose of the defendant company in flattening the incline could only be shown by proof of the facts and circumstances of the case. It is the province of the court or jury to determine the purpose of an act, when material, from the facts and

circumstances, only, attending the act, and not from the opinion of experts based upon the facts and circumstances.

The judgment of the lower court is affirmed, with costs. MINER, C. J., and BARTCH, J., concur.