THE STATE OF UTAH, Respondent, v. NATHAN
F. HAWORTH, Appellant.[1]

No. 1446.    (73 Pac. 413.)

**Criminal Law: New Trial: Newly Discovered Evidence: Effect on Result.**

Where newly-discovered evidence alleged as a ground for a new trial authorized by Revised Statutes 1898, section 4952, subdivision 7, was cumulative and impeaching in character, and was not such as would probably change the result, the motion was properly denied.

(Decided August 12, 1903.)

Appeal from the Second District Court, Davis County.
—*Hon. H. H. Rolapp,* Judge.

The defendant was convicted of murder in the first degree and sentenced to be shot.   On appeal the judgment was affirmed and the case remanded.   Afterwards the defendant made a motion for new trial on the ground of newly discovered evidence.   From the order overruling this motion for a new trial, the defendant appealed.

AFFIRMED.

*Messrs. Weber & Braffet* and *J. M. Hamilton, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney General, and *Hon. W. R. White,* Deputy Attorney General, for the State.

---

[1] See State v. Haworth, 24 Utah 398.

BASKIN, C. J.—The defendant after his arrest made a written confession of the murder with which he was charged, and was convicted of murder in the first degree, and sentenced to be shot. On appeal the judgment was affirmed by this court (24 Utah 398, 68 Pac. 155), and the case remanded for further proceedings in accordance with law. Afterwards the defendant, under the provisions of subdivision 7, section 4952, Revised Statutes 1898, made a motion for a new trial in the court below on the ground of newly discovered evidence. This motion was overruled, and the defendant again appeals. As the sentence of death was affirmed on the former appeal, the only question for our consideration on the present one is whether the denial of the motion was an abuse of judicial discretion.

A large number of affidavits and counter affidavits were introduced upon the motion. Most of the newly-discovered evidence relied upon by the defendant, and set out in the affidavits introduced by him, is cumulative, and the balance is impeaching. In the case of the People v. Demasters, 109 Cal. 607, 42 Pac. 236, the defendant, upon his conviction for an assault with intent to commit mayhem, moved for a new trial under subdivision 7, sec. 1181, Cr. Code Cal., of which subdivision 7, sec. 4952, Revised Statutes Utah 1898, is a literal transcript. In the opinion affirming the order overruling the motion the court said: "As has been repeatedly held by this court, a motion for a new trial is addressed to the sound legal discretion of the trial court, and the action of the latter will not be disturbed, except in an instance manifesting a clear and unmistakable abuse of such discretion. This rule is peculiarly applicable to an application based upon the ground of newly-discovered evidence, which not only involves an enlarged discretion in the trial court, but has never been looked upon with favor, but rather with distrust. Hobler v. Cole, 49 Cal. 250; Arnold v. Skaggs, 35 Cal. 684. To entitle the plaintiff to a new trial on this ground, it must appear, among other things, that the new evidence

be not cumulative merely; that it be such as to render a different verdict reasonably probable upon a retrial; and that the evidence could not, with reasonable diligence, have been discovered and produced at the trial.'' Newly-discovered evidence which is impeaching is looked upon with equal distrust as cumulative evidence, and in no instance should a new trial be granted unless it clearly appears that the newly-discovered evidence would probably change the result on a retrial.   14 Ency. Pl. and Pr. 747; Hayne on New Trial,. sec. 91.   In the case at bar the newly-discovered evidence does not meet this requirement.

The judgment and order overruling the motion for a new trial is affirmed, and the case remanded for further proceedings in accordance with law.

BARTCH and McCARTY, JJ., concur.