THE MONMOUTH POTTERY COMPANY, a Corporation, Appellant, v. H. L. WHITE, Respondent.

No. 1492.    (75 Pac. 622.)

2. **Sales: Action for Price: New Trial: Newly Discovered Evidence: Diligence.**
   A buyer of certain crockery notified the seller in July, 1901, that he would not receive same, as not complying with his order, and suit was begun for the price in January, 1902. Judgment was entered in favor of the plaintiff for a part only of the relief demanded, on December 18th of that year, and plaintiff made no effort until February 19, 1903, to discover whether or not defendant had sold the goods, when

plaintiff's attorney visited defendant's place of business, and was unable to find a large part of them. *Held*, that plaintiff's diligence in discovering that defendant had sold such part of the goods, which was contrary to his testimony on the trial, was insufficient to entitle plaintiff to a new trial on the ground of newly discovered evidence.

**3. New Trial: Discretion: Abuse.**
The refusal of the court to grant a new trial because of such facts was not an abuse of the trial court's discretion, since it did not show that the buyer did not have all of the goods mentioned in the affidavits on hand at the time of the trial, when he so testified.

**4. Same.**
An order denying a motion for a new trial will not be reversed on appeal in the absence of an abuse of the trial court's discretion.[1]

**1. Appeal: Review of Facts.**
Under Const., art. 8, section 9, providing that on appeals to the Supreme Court, in cases at law the appeal shall be on questions of law alone where there is a substantial conflict in the evidence the Supreme Court can not review questions of fact except to determine questions of law presented by the record.

(Decided February 9, 1904.)

Appeal from the Second District Court, Weber County.—*Hon. H. H. Rolapp*, Judge.

Action for the price of goods sold. From a judgment in favor of the plaintiff for less than the relief demanded, the plaintiff appealed.

AFFIRMED.

*A. G. Horn, Esq.*, for appellant.

*V. C. Gunnell, Esq.*, for respondent.

McCARTY, J.—On December 15, 1900, respondent, who was defendant in the lower court, gave to appellant a written offer, signed by himself, to buy about 4,400 pieces of crockeryware, which appellant accepted, and in due time filled the order and shipped the goods,

---

[1] State v. Haworth, 26 Utah 310, 73 Pac. 413.

which consisted of churns, jugs, fruit jars, flowerpots, and a number of other classes of crockery. The entire bill as shipped amounted to $361.37. When the goods arrived at Ogden, respondent discovered, so he claimed, that some of the goods were of a different kind and inferior in quality to the goods ordered by him. He at once notified the appellant company of this fact, and informed it that he held the goods subject to their order, he in the meantime having had to pay for the entire car lot in order to get the goods which he claimed were shipped according to his order. Considerable correspondence passed between the parties, respondent insisting that he had received goods which were not included in the order, and appellant as persistently insisting that only such goods were shipped as were mentioned in the order. After making repeated demands for payment of the entire bill, which respondent declined to comply with, appellant brought suit. The case was tried by the court without a jury, and, after hearing the evidence introduced by the respective parties, rendered judgment in favor of appellant for the sum of $189.34, having deducted from the amount claimed by appellant certain freight charges paid by respondent on the goods which he claimed he never ordered, charges for storage, and a certain discount or cut in price on certain of the wares which respondent claimed was agreed upon between the parties when the goods were ordered. Appellant filed its motion for a new trial, alleging insufficiency of the evidence to justify the judgment, and "newly discovered evidence material to the plaintiff which could not with reasonable diligence have been produced at the trial."

This court has held repeatedly that under section 9, art. 8, Const., it is prohibited from reviewing questions of fact in law cases brought here on appeal, when there is a substantial conflict in the evidence, except only so far as it may be necessary to decide questions of law presented by such appeals, and never for the purpose of determining on which side, in our

judgment, is the preponderance of the evidence. As this record shows a substantial conflict in the evidence, the only question for our determination is, did the district court abuse its discretion in overruling appellant's motion for a new trial?

The affidavit of A. G. Horn, filed in support of appellant's motion for a new trial, recited, in substance: That he is the attorney for the plaintiff (appellant), and had charge of all proceedings; that on the 19th day of February, 1903, at Ogden City, Utah, he, in company with two employees of the Ogden Transfer Company, went to the defendant's place of business in said Ogden City, for the purpose of taking possession of the goods mentioned and described in the pleadings, findings, and judgment in this action, to wit, 310 half-gallon fruit jars and covers, 325 one-gallon fruit jars and covers, and 300 two-gallon fruit jars and covers; that defendant stated to affiant that the goods were all in a pile together, and then and there pointed out a large pile of crockery as the goods; that, on separating said crockery according to size, he discovered that none of the said half-gallon fruit jars was found on hand, and only 65 of the one-gallon fruit jars, and nearly all of the two-gallon jars, the balance of said jars, as affiant believed, having been sold and disposed of by defendant; "that said defendant, during the course of the trial of said cause, testified that all of said goods were stored in his cellar or basement, and that none of said merchandise had been sold or disposed of; that affiant relied upon the statement of the said defendant that he would truthfully testify with reference to said merchandise and its disposition, and he could not with reasonable diligence have discovered and produced the evidence aforesaid, nor the fact that said defendant had sold and disposed of said goods." The two employees of the transfer company who were present and assisted in sorting and separating the crockeryware at the time and place mentioned in the foregoing affidavit made affidavits to the same facts respecting the amount and kinds of crockeryware in

question that the respondent had on hand on that occasion.

It appears from the record that respondent in July, 1901, notified appellant that he would not receive and pay for the goods in question, and that they would be held subject to appellant's order. Suit was commenced in January, 1902, to recover the price of the goods, and judgment entered December 18, 1902. On February 19, 1903, three months after the cause was tried and judgment entered, appellant's attorney went to respondent's place of business, and discovered the facts set out in the affidavits filed in support of the motion for a new trial. During all this time appellant made no effort to examine the goods over which the controversy arose, to ascertain what disposition, if any, had been made of them, notwithstanding they were in the same city in which the cause was tried. Under these circumstances we do not think that the degree of diligence has been shown in this case that the law requires in order for a party to excuse himself for not producing the newly discovered evidence at the trial. And further, even though appellant had used due diligence to produce the evidence mentioned in the affidavits, it would not be entitled to a new trial, as the affidavits themselves do not contain facts sufficient to warrant it. For aught that appears in the affidavits, respondent, at the time of trial, may have had on hand all of the goods mentioned in the affidavits.

A motion for a new trial is always addressed to the sound discretion of the trial court, and, unless it clearly appears that there has been an abuse of discretion, the action of the trial court will not be disturbed. State v. Haworth, 26 Utah 310, 73 Pac. 413, and cases cited. It clearly appears that in this case there was no abuse of discretion whatsoever.

The judgment is affirmed; the costs of this appeal to be taxed against appellant.

BASKIN, C. J., and BARTCH, J., concur.