THE BULLION-BECK & CHAMPION MINING COMPANY, a Corporation, Respondent, v. THE EUREKA HILL MINING COMPANY, a Corporation, Appellant.

### No. 1523.   (76 Pac. 19.)

Appeal: Review of Facts: Finding of Lower Court: Conclusiveness.
Where there is a substantial conflict in the evidence, the finding of the lower court in an action at law will not be disturbed on appeal.[1]

(Decided April 2, 1904.)

Appeal from the Fifth District Court, Juab County.—
*Hon. Thomas Marioneaux,* Judge.

Action of trespass to recover for ores alleged to have been willfully and fraudulently extracted from plaintiff's mine by the defendant. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Messrs. Sutherland, Van Cott & Allison* for appellant.

*Messrs. Dickson, Ellis & Ellis* for respondent.

BASKIN, C. J.—This is an action of trespass to recover for ores alleged to have been secretly, covertly, unlawfully, and fraudulently extracted from plaintiff's mine by the defendant, through underground cross-cuts,

---

[1] Watson v. Butterfield Min. Co., 24 Utah 222, 66 Pac. 1067; Monmouth Pottery Co. v. White, 27 Utah 236, 75 Pac. 622.

tunnels, drifts, and other openings extended by the defendant beyond the boundaries of its mine into the plaintiff's mine, and converted by the defendant to its own use.    By stipulation of the parties, Parley L. Williams was by the court appointed referee to try the case, make findings of fact, conclusions of law, and report the same, with a judgment, to the court for approval. The referee reported findings of fact, conclusions of law and a judgment which was approved by the court.    Afterwards, upon defendant's motion for a new trial, the court made an order that unless the plaintiff should within a given time remit $26,728.86 of the judgment, the motion of the defendant should be granted.    The plaintiff within the specified time made the remission. From the judgment thus rendered the defendant appeals.

The referee found that all of the ores taken from the plaintiff's mine, except that taken from what is known as the "10-45 Stope," was willfully and fraudulently extracted, removed, and converted by the defendant. For all of the ores so extracted, removed, and converted the plaintiff was awarded treble damages, for which, from the facts found, the defendant was liable under the provisions of section 1536, Rev. St. 1898.    The defendant excepted to several of the findings relating to the quantity and value of the ore taken from various stopes in the plaintiff's mine, on the ground that both the quantity and value of said ores found by the referee were excessive, and that the evidence was insufficient to sustain either of said findings.    The referee found that all of the ore from the 700-800 stope was unlawfully and negligently extracted, removed, and converted by the defendant, and treble the value of the same as found by the referee was awarded as damages to the plaintiff; but, upon the motion of the defendant for a new trial, the court, as stated in appellant's brief, held that one-half of the ore taken from said stope was unintentional, and required the plaintiff to remit from the judgment the amount before mentioned.    Notwithstanding that

remission, the defendant excepted to the trebling of the value of any ore taken from said stope, on the ground that the evidence is insufficient to show that one-half of it was willfully or fraudulently taken from the plaintiff's mine by the defendant.

While the evidence is very conflicting, after a careful examination of it we are satisfied that it is sufficient to justify the findings in respect to the quantities and values of the ores, and also to justify the treble damages awarded by the court. It has been held in many cases by this court that, where there is a substantial conflict in the evidence, the finding in an action at law will not be disturbed on appeal. Watson, Adm'r, v. Butterfield Min. Co., 24 Utah 222, 66 Pac. 1067, note 1; Monmouth Pottery Co. v. White, 27 Utah 236, 238, 75 Pac. 622. In the latter case, Mr. Justice McCARTY, speaking for this court, said: "This court has held repeatedly that under section 9, art. 8, Const., it is prohibited from reviewing questions of fact in law cases brought here on appeal, when there is a substantial conflict in the evidence, except only so far as it may be necessary to decide questions of law presented by such appeals, and never for the purpose of determining on which side, in our judgment, is the preponderance of the evidence."

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.