## FREDERICK PARLI v. JOHN H. REED.

1. MALICIOUS PROSECUTION; *No Defense.* Where a party files a complaint upon which he causes the arrest of another for an alleged crime, it is no defense to an action for malicious prosecution, that the complaint was technically defective; so long as it was treated by the justice and officer as sufficient, and the defendant was in fact arrested thereon, the party filing it is estopped from questioning its sufficiency.

2. PROBABLE CAUSE—*Question of Law.* In an action for malicious prosecution, the question of probable cause is one of law for the court. If, upon the undisputed facts, there was no probable cause, it is the duty of the court to so find, and so·instruct the jury. '

3. ——— *No Probable Cause.* Where, if all that is believed or suspected of the defendant be true, he has committed no crime, there is no probable cause to believe him guilty.

4. EMBEZZLEMENT — *What is Not.* A party cannot commit the crime of embezzlement in respect to money which is legally and absolutely his own, and this notwithstanding he may be at the time in debt, and does not intend to pay his creditors.

### *Error from Marshall District Court.*

ACTION brought by *Reed* against *Parli*, to recover damages for malicious prosecution. Verdict and judgment for plaintiff for $475 damages, at the December Term, 1882, of the district court. The defendant brings the judgment here for review. The opinion states the facts.

*Cal. T. Mann*, and *W. S. Glass*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: In an action in the district court of Marshall county, brought by defendant in error for malicious prosecution, he recovered a judgment against plaintiff in error for $475. Of this, plaintiff in error now complains. The facts are that plaintiff was arrested upon a complaint made by defendant charging, or supposed to charge, embezzlement. After being brought before the justice of the peace, the case was continued for three days and then dismissed, the parties not appearing.

Now, the first proposition is that neither the complaint filed before the justice, nor the warrant issued by him charges a crime, and this upon the ground that the complaint is simply upon belief. It reads, omitting caption and jurat, as follows:

"Frederick Parli, of lawful age, being duly sworn, says that one J. H. Reed, at the county of Marshall, and state of Kansas aforesaid, he has reason to believe did then and there commit the crime of fraud and embezzlement on the 1st day of August, 1882; and deponent prays that he, the said J. H. Reed, may be forthwith arrested and dealt with according to law. Further deponent saith not.—F. PARLI."

The warrant is similar in its language. Hence it is said that both complaint and warrant are absolutely void, and that only an action for false imprisonment will lie. This question has already been considered and decided in this court. (*Bauer v. Clay*, 8 Kas. 580.) In one count a party may charge a wrongful imprisonment, and set out facts showing that it was procured by means of a void warrant, and through malice and without probable cause. And though the complaint and warrant are void, the plaintiff will not be estopped from showing that the prosecution was malicious and without probable cause. And this is eminently just. The defendant filed this complaint; the justice treated it as sufficient, and issued a process commanding the officer to arrest plaintiff. The officer thought the process good, and arrested him. Now, though it appears that the defendant acted maliciously, and with intent to harass and oppress plaintiff, can he avoid responsibility for the exemplary damages which his malice justly subjects him to, upon the claim that the complaint and warrant were in fact insufficient and void? Can he, when he induces and uses process to accomplish the arrest of a party, turn around and say the process is void and he is not responsible? The use of insufficient process does not make a prosecution *bona fide*, or any the less malicious. ( *Wicks v. Fentham*, 4 Term Rep. 248; *Pippet v. Hearn*, 1 D. & R. 271; 2 Addison on Torts, § 881.)

Again, the court declared the prosecution without probable cause, and of this plaintiff in error complains. The ruling was correct. The court passes upon the law. It is its province to say what constitutes probable cause, for that is a matter of law, and if upon the undisputed facts there was no probable cause, it was its duty to so instruct the jury. (Wells on Law and Fact, § 291; *Besson v. Southard*, 10 N. Y. 240; *Stone v. Crocker*, 24 Pick. 81; *Travis v. Smith*, 1 Pa. St. 234; *Hill v. Palm*, 38 Mo. 13; *Wells v. Parsons*, 3 Har. [Del.] 505.)

Upon the facts, and taking them to the fullest extent and with every possible inference in favor of the defendant, there was no probable cause. It seems that plaintiff entered into a written contract with defendant to build an addition to his hotel. He proceeded with the work, received the first payment July 4, 1882, and the second, August 1, 1882. Of the first payment and plaintiff's disposition of it, no complaint is made. The second payment was made by defendant at his residence, about eighteen miles from the hotel. Plaintiff had ridden there on horseback in the morning, received the money, $350, and claimed to have lost it out of his pocket while riding home. Of the truth of this statement, it seems some suspicions were aroused; and defendant believed that he had not lost it, but intended to make no further payments to his employés and material-men, and to leave the state with this money. Hence he commenced this prosecution for embezzlement. Now suppose plaintiff had not in fact lost the money, that he falsely represented that he had lost it, that he intended to make no further payments to the employés and material-men, but to leave the state with the money: he had not committed the crime of embezzlement. The money, when paid to him, was his money. He had earned it by his part performance of the contract, and a man cannot embezzle his own money. He may fail to pay his debts, even though he have money of his own enough therefor in his pocket; but still he does not commit the crime of embezzlement by such failure. So that if all that was suspected was true, plaintiff was not

guilty of the crime charged, and of course there was no probable cause to believe him guilty thereof.

The court properly submitted the question of malice to the jury. We do not think the manner in which this question was submitted justifies the criticism placed upon it by counsel for plaintiff in error. It charged that malice might be inferred from the want of probable cause, if the inference was a reasonable one. This is correct. (*Malone v. Murphy*, 2 Kas. 250.) But it nowhere intimated that they ought to find malice from such want, or that they ought to infer it in this case unless from all the circumstances the inference was a reasonable one. The jury found malice. There was enough in the testimony to justify the finding.

These are the material questions in the case, and in them we see no error in the rulings of the trial court. Some other points are made as to the admission of testimony, but even though the court erred in respect to them, which we do not affirm, we cannot think that the errors were material. Hence, for them the judgment should not be disturbed. Taking the whole record, no material error appears, and the judgment must be affirmed.

All the Justices concurring.