## S. B. BELL v. JOHN KEEPERS.

1. MALICIOUS PROSECUTION—*Invalid Defense.* In an action for malicious prosecution, it is no defense that the complaint upon which the warrant of arrest was issued did not state a criminal offense.

2. WRITTEN INSTRUMENT, *Court to Construe; Instruction.* When a written instrument is admitted in evidence, it then becomes the duty of the court to construe and determine its legal effect, the relation of the parties thereto, and to include such determination in the instructions to the jury.

3. PROBABLE CAUSE; *Question for Court.* In an action for malicious prosecution, probable cause is a question of law for the court; and it is its duty to instruct the jury what facts would constitute probable cause.

*Error from Wyandotte District Court.*

ACTION by *Keepers* against *Bell,* to recover $2,000 as damages for malicious prosecution. The transactions out of which the prosecution arose are substantially as follows: *Bell* sold *Keepers* a tract of land, and a barn which the latter was to move upon the land and occupy and maintain as a canning factory, and was to pay as the purchase-price therefor $40

per month until the premises were paid for. *Keepers* made default in the payments, and desired to remove from the property. The contract provided that upon a failure to make payments the contract might be terminated, and *Keepers* was to forfeit all payments made as liquidated damages. The contract was terminated, and *Keepers* moved from the premises all the machinery and fixtures placed thereon by him, and also partitions and sheds attached to and made a part of the barn. While this removal was going on, *Bell* filed a complaint, and procured his arrest, and afterward failed to appear and prosecute the action. *Keepers* was discharged, and costs were taxed to *Bell.* The present action was tried by a jury, on August 28, 1885; verdict in favor of *Keepers* for $500. New trial denied, and judgment on the verdict for plaintiff. To reverse this judgment, *Bell* brings the case here.

*Nathan Cree,* for plaintiff in error.

*J. A. Hale,* and *J. O. Fife,* for defendant in error.

Opinion by CLOGSTON, C.: The prosecution of which the defendant in error complains was commenced by plaintiff in error, S. B. Bell, upon the following complaint:

"STATE OF KANSAS, COUNTY OF WYANDOTTE, SS.: Simeon B. Bell, of lawful age, being first duly sworn, says that at the county of Wyandotte and state of Kansas, and on or about the 24th day of March, 1885, one Keepers did unlawfully and willfully enter into and destroy personal property and trespass upon the premises of the affiant, contrary to statute in such case made and provided.      S. B. BELL."

A warrant was issued substantially following the complaint. It is now claimed that this complaint does not state a criminal offense, and for this reason plaintiff insists that no action for malicious prosecution can be maintained for the arrest made thereunder. This is no longer an unsettled question in this state. This court has repeatedly held that it cannot protect a complainant who, after procuring a warrant to issue on his complaint, to say in answer to a charge of malicious prose-

cution, that the complaint charges no crime. A void process procured through malice, and without probable cause, is even more reprehensible, if possible, than if it charges a criminal offense. The wrong is not in the charge alone, but more in the object and purposes to be gained, and the intention and motive in procuring the complaint and arrest. The contents of the complaint, when maliciously made and without good cause, are of but little consequence, and can give no protection. (*Parli v. Reed,* 30 Kas. 534; *Shaule v. Brown,* 28 Iowa, 37; *Bauer v. Clay,* 8 Kas. 580.)

The record presents a more serious question than that urged against the complaint. At the trial, the written contract of the sale of the property in dispute was introduced in evidence. To this contract we must look to determine the rights of the respective parties, and from their interests and rights thereunder, as they were then placed, must be gathered something of the intention, objects and inducements that led to the procuring of the complaint and arrest. It is not the act alone that we are to judge, but the intentions and motives that prompted the act. This contract was admitted in evidence for this purpose; and as this contract fixed their interests in and relations to the property in dispute, then what those interests and relations were was a question of law to be determined by the court, and not a fact to be determined and found by a jury.

The court, upon this contract, gave the following instruction to the jury:

"20. The written contract offered in evidence tends to show, and does show, the existing relations as respects the barn and attachment between plaintiff and defendant at the time the affidavit was filed and warrant issued for the arrest of the plaintiff by Justice Stine. This contract, with all the other evidence in the case, will be considered by the jury. The point to which this evidence has application as to whether this written and the other evidence was at the time of the arrest sufficient to create a reasonable suspicion that the acts and conduct of the plaintiff in removing parts of the barn and other fixtures was a crime as alleged in the affidavit of the defendant, upon which the warrant of arrest issued. Were

all these facts of such a character and sufficiency as to create a reasonable suspicion in the mind of a reasonable man that John Keepers was at the time guilty of the offense as alleged by the defendant in said affidavit? And if the jury should so believe, on consideration of the terms of said contract and of other circumstances in the case, it will be their duty to find for the defendant."

We think this instruction was erroneous. The court ought to have defined the rights and interests of the parties in this property, and so instructed the jury, and not left them to draw their own conclusions from this contract.

The court also instructed the jury as follows:

"11. To constitute probable cause for a prosecution, there must be such reasonable grounds for suspicion, supported by circumstances sufficiently strong to warrant an ordinarily cautious man in the belief that the person arrested is guilty of the offense charged."

"14. To authorize a recovery in this class of cases it must not only appear that the defendant was actuated by malice, but the jury must further believe from the testimony that the defendant had no probable cause or no reasonable grounds to believe the plaintiff was guilty of the offense charged against him; and the court further instructs the jury that probable cause means a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a reasonably cautious man to believe that the person accused is guilty of the offense charged."

By these instructions the court gave to the jury the question of probable cause, and left them to determine what facts would constitute probable cause. This was error. Probable cause, or the want thereof, is a question of law to be determined by the court, and not a question of fact to be found by the jury. True, if the facts upon which probable cause is to be founded are in dispute, the court may submit to the jury the questions of fact; but even in that case, the instructions must state what facts, when found by the jury, will be sufficient to establish probable cause. The relations of the parties, their rights and interests in the property in dispute, being fixed by the written contract, no question then of probable cause was in dispute, and the court ought to have instructed the jury as to whether

or not plaintiff had established the want of probable cause. Justice BREWER held, in *Parli v. Reed:* "The court passes upon the law. It is its province to say what constitutes probable cause, for that is a matter of law." (30 Kas. 534. See also *Thaule v. Krekeler*, 81 N. Y. 428.)

There are other questions complained of by the plaintiff in error, but as the errors already discussed will require a reversal of the case, we shall not examine them.

It is therefore recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.