## W. O. WRIGHT V. RICHARD HAYTER.
### No. 165.

1. MALICIOUS PROSECUTION — *jury not bound to infer malice from want of probable cause.* In an action for malicious prosecution the burden of proving that the prosecution was malicious is upon the plaintiff. If want of probable cause is shown malice may be inferred, but the jury are not bound to so infer it; want of probable cause and malice are both necessary to sustain an action, and both must be sustained by affirmative proof.

2. ——— *charging jury to find malice from want of probable cause, error.* A charge to the jury in such case that, if they are satisfied that there was probable cause, they should also find malice, is erroneous.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed January 5, 1897. *Reversed.*

*McDermott & Johnson*, for plaintiff in error.

*Charles J. Peckham*, and *Ed. L. Peckham*, for defendant in error.

JOHNSON, P. J. The defendant in error brought this action in the District Court of Cowley County, to

recover damages against the plaintiff in error for malicious prosecution. He alleged that on the fifth day of December, 1890, the defendant below maliciously, unlawfully and without probable cause made complaint before a·justice of the peace of Cowley County, Kansas, charging him, the plaintiff below, with the crime of petty larceny, and caused him to be arrested and tried before such justice where he was duly acquitted of said charge ; that said prosecution was without probable cause and was begun and carried on by defendant below from malicious motives towards the plaintiff below and to wrong and injure him.

Issues being joined on the petition of plaintiff below, the case was tried before the court with a jury and resulted in a verdict and judgment for defendant in error. The plaintiff in error now brings the matter to this court and assigns two grounds of error. The first error complained of is, that the court erred in overruling the demurrer of the defendant below to the evidence of plaintiff below.

The evidence on the trial of the case shows that on the fifth day of December, 1890, the defendant below made complaint, under oath, before L. H. Webb, a justice of the peace of Cowley County, Kansas, charging plaintiff below with unlawfully stealing, taking and carrying away one wagonload of hay of the value of three dollars, the personal property of W. O. Wright ; that thereupon such justice of the peace issued a warrant for the arrest of the plaintiff below, and upon such warrant he was arrested and taken before the justice of the peace and tried on the complaint and acquitted of the charge. The evidence further shows that defendant below had been a tenant living on the farm of plaintiff below, and that as such tenant had, the year previous, raised a crop on the

640 WRIGHT v. HAYTER.

S. Dept. Opinion. Johnson, P. J. 5 Kan. App.

farm and cut and stacked a large quantity of hay thereon; that by the terms of his tenancy he was to have a certain share of the crop grown on the farm; that plaintiff and defendant undertook to divide the hay in the stack and really did divide the same, but there seemed to be some dispute as to which party was to receive a certain small stack of hay; that after plaintiff below removed from the farm he caused one load of the hay in the disputed stack to be taken and hauled away, and for this act the complaint was filed and the arrest and trial had. All the circumstances connected with the division of the crop and the taking and hauling away of the hay, were in evidence before the court and jury.

There was some evidence tending to prove the facts necessary to entitle the plaintiff below to recover. In an action for malicious prosecution the question of probable cause is one of law for the court. If upon the undisputed facts there was no probable cause, it is the duty of the court to so find; but when there is conflicting evidence, or the proof of probable cause depends upon the surrounding circumstances, then the court should submit the case to the jury, giving them proper instructions and stating to them what facts, when found from the evidence, constitute want of probable cause. It was not error for the court to overrule the demurrer. There was sufficient evidence to require the court to submit the questions of fact to the jury, under such proper instructions as to their duty under the law as it found the facts to authorize.

The second assignment of error is, that the court erred in giving the following instruction to the jury:

" The third proposition above mentioned, as is usual in such cases, is the real battle ground of the case, so far as the plaintiff is concerned. The burden is on the

plaintiff, to satisfy you by the evidence, that the defendant instituted the prosecution against him, maliciously and without probable cause.

"By the term 'maliciously,' we mean simply that condition of one's mind which would induce him to do another an intentional wrong or injury. The term 'malice,' in law, means any wicked or evil purpose in one's mind, which moves or impels him to do another an intentional injury.

"The phrase 'without probable cause,' as we use it here, is by us used in the ordinary acceptation and meaning of that phrase, giving to the words their usual and ordinarily accepted meaning.

"In ascertaining whether the defendant had probable cause for instituting the prosecution complained of or not, you are to say whether any person of ordinary caution, care and prudence, in the exercise of reasonable, fair, good judgment, would have, or might have, caused the prosecution to have been instituted against the plaintiff, under all the facts and circumstances surrounding the defendant at the time when he instituted the same; and if you are satisfied that he would, then you ought to find that defendant did not institute the prosecution without probable cause; but if you are satisfied that such a person as we have described would not have instituted the prosecution, in the light of all the facts and circumstances surrounding the defendant, then you ought to find that the defendant instituted the prosecution without probable cause. After you are satisfied that the defendant instituted the prosecution without probable cause, then you ought also to find that he did so maliciously, because in that case he has done the plaintiff an intentional injury."

We think this instruction is erroneous. The court ought to have told the jury whether the undisputed facts shown on the trial constituted probable cause or not; but by this instruction the court gave to the jury the question of probable cause and left to them to determine what facts would constitute probable cause.

642 WRIGHT V. HAYTER.

S. Dept.   Opinion.   Johnson, P. J.   5 Kan. App.

Probable cause, and want thereof, are questions of law to be determined by the court. *Bell v. Keepers*, 37 Kan. 64.

We think the instruction is also erroneous in directing the jury that, "After you are satisfied that the defendant instituted the prosecution without probable cause, then you ought also to find that he did so maliciously, because in that case he has done plaintiff an intentional injury."

To sustain the action for malicious prosecution two things are essential — malice, and want of probable cause. Malice is not of itself sufficient, neither is want of probable cause; they must concur. Affirmative proof of malice is as necessary as affirmative proof of the absence of probable cause; both are issues to be submitted to the jury and both must be found from the testimony as facts by the jury, in order to sustain a verdict for the plaintiff. This instruction told the jury that, after they were satisfied the defendant instituted the prosecution without probable cause, they ought to find that he did so maliciously; that if the jury found the prosecution was without probable cause they must be convinced of the existence of malice. This was clearly erroneous. The evidence might clearly show that defendant acted in the best of faith but upon an entirely innocent mistake of fact, and the jury might be fully satisfied of the entire absence of probable cause. In such a case the rule, as given the jury by the court below, would compel them to find that the prosecution was malicious. The real effect of the instruction would be that the jury would find one of the essential facts, and the court find the other and compel the jury to adopt its finding. *Malone v. Murphy*, 2 Kan. 258.

For the error of the court in charging the jury that

if they found the prosecution was instituted without probable cause they ought to find also that it. was malicious, the judgment will be reversed and the case remanded to the District Court for a new trial.