T. F. SEYMOUR v. T. E. ARMSTRONG AND J. B. KASSEBAUM, *Partners as Armstrong & Kassebaum.*

**No. 676.\*** (61 Pac. 675.)

SALES—*Negotiations—Conditional Acceptance.* Where negotiations are entered into for the sale of goods, there must be an unconditional acceptance of the offer or no contract is consummated.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 15, 1900. Affirmed.

*David Martin,* and *J. A. Rosen,* for plaintiff in error.
*Isenhart & Alexander,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: The substance of plaintiff's petition is that he entered into a contract with the defendants, by which defendants agreed to buy and he agreed to sell and deliver to them 450 cases of eggs, to be delivered not later than February 22, 1896 ; that he tendered performance by an offer to deliver the eggs, which was refused ; that he was compelled thereby to sell the eggs upon the market at a reduced price, to his damage in the sum of $391.83, for which he asked judgment. There was a trial to the jury and judgment for defendants for costs, from which the plaintiff prosecutes this petition in error. There are eighty-four assignments of error. We do not deem it necessary to notice them in detail.

The pivotal question in this case is, Was there a contract? Defendants inserted a bid, in a grocers' publication, for eggs at 10½ cents per dozen net, to be

* Affirmed by supreme court April 6, 1901. See 62 Kan. 720, 64 Pac. 612.—REP.

delivered in Topeka not later than February 22.  Persons desirous of accepting this offer were required to give notice of such acceptance and the number of cases they proposed to furnish, not later than February 20.  The notice of acceptance is in the following language :

"I accept your offer in the *Merchants' Journal*, 10½ cents net, Topeka, for fresh eggs, and will ship to you on C. R. I. & P. R. R. 450 cases fresh eggs, to arrive on or before February 22.  The eggs are all packed in No. 2 whitewood cases, and I will accept fifteen cents for them, or you can return them or new ones in place of them.     I am, yours truly,
                    T. F. SEYMOUR, by G. C. B."

The advertisement and this acceptance were offered as evidencing the contract.

Mr. Benjamin, in his treatise on Sales of Personal Property (1st ed.), section 39, says :

"But the assent must, in order to constitute a valid contract, be mutual, and intended to bind both sides.  It must also coexist at the same moment of time.  A mere proposal by one man obviously constitutes no bargain of itself.  It must be accepted by another, and this acceptance must be unconditional.  If a condition be affixed by a party to whom an offer is made, or any modification or change in the offer be requested, this constitutes in law a rejection of the offer, clearly ineffectual to complete the contract until assented to by the first proposer."

The supreme court of this state, in *Plant Seed Co. v. Hall*, 14 Kan. 553, says :

"Where negotiations are entered into for the sale of goods, there must be an unconditional acceptance of the offer, or no contract is consummated."

It is clear in this case that the offer advertised in the *Merchants' Journal* was not accepted uncondition-

ally. It left matters to be determined by further negotiations. It appeared in evidence on behalf of the plaintiff as well as the defendants that immediately on receipt of this notice the defendants communicated to the plaintiff the fact that they declined to entertain the proposition. It was the duty of the court, under the circumstances, to tell the jury, at the close of the plaintiff's evidence, that no contract had been proven. In support of this position, we further refer to *Eliason et al. v. Henshaw*, 4 Wheat. 225, 4 L. Ed. 556; *Carr v. Duval et al.*, 14 Pet. 77, 10 L. Ed. 361; *Potts v. Whitehead*, 8 C. E. Green, 512, 23 N. J. Eq. 512; *Bell v. Keepers*, 37 Kan. 64, 14 Pac. 542. This point is conclusive upon the right of the plaintiff to recover, and renders it unnecessary to notice any errors that may have occurred in the course of the trial, for the reason that they become thereby immaterial if committed at all, not affecting in any manner the substantial right of the plaintiff.

The judgment is affirmed.