PETERSON v. HOYT.

(Third Division.　Valdez.　October 27, 1913.)

No. 615.

MALICIOUS PROSECUTION (§ 7*)—CRIMINAL COMPLAINT—SUFFI-
CIENCY.

Suit for damages charging defendant with having procured a criminal warrant to issue for the arrest of plaintiff herein, whereby he was arrested and held in custody, without probable cause. Demurrer to the complaint for damages in this action was based upon the ground that the criminal complaint sworn to by defendant, upon which the warrant of arrest issued, did not state a criminal offense. *Held* that, where the charge in the criminal complaint was made without probable cause and with malice and damage resulted, the party making the charge is liable, though the criminal complaint did not state a criminal offense.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 7, 9, 10; Dec. Dig. § 7.*]

The plaintiff brings this action against the defendant, alleging that on the 18th day of April, 1913, the defendant filed a sworn complaint in the office of L. A. Jones, commissioner and ex officio justice of the peace for Copper Center precinct, territory of Alaska, Third division, charging the plaintiff with the alleged crime of bartering for and having in his possession a silver fox during the prohibited season; that thereafter defendant caused a warrant to be issued by said justice of the peace pursuant to said complaint, and on the 23d day of April,

1913, plaintiff was arrested at Copper Center aforesaid under and by virtue of said warrant, and held in custody until April 26, 1913; that in so causing plaintiff's arrest defendant acted maliciously and without probable cause; that on the 26th day of April, 1913, the said justice of the peace dismissed the said complaint and discharged plaintiff from custody under said warrant of arrest, and plaintiff was damaged thereby in the sum of $5,100.

E. E. Ritchie, of Valdez, for plaintiff.
John Lyons, of Valdez, for defendant.

BROWN, District Judge. To this complaint the defendant demurs on the ground that said complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The only question upon this demurrer is: Will an action for malicious prosecution lie against the defendant, where the complaint or information filed before the justice of the peace, and upon which the warrant issued, did not state a criminal offense? Upon this question there is a decided conflict in the authorities.

"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: The commencement or continuance of an original criminal or civil judicial proceeding; its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; its bona fide termination in favor of the present plaintiff; the absence of probable cause for such proceedings; the presence of malice therein; damage conforming to legal standards resulting to plaintiff." 26 Cyc. p. 8.

"The essential foundation of an action for malicious prosecution is an original proceeding, judicial in character. If extrajudicial, trespass, and not case (that is to say, false imprisonment, and not malicious prosecution), is ordinarily regarded as the appropriate remedy." 26 Cyc. p. 8.

The distinction, however, between the old action of trespass and case, now known as false imprisonment or malicious prosecution, is done away with by our Code, providing for the one action, to be known as a civil action. This question is fully discussed in Atchison, Topeka & Santa Fé R. R. Co. v. Rice, 36 Kan. 593, 14 Pac. 229.

So that it is unimportant whether this action be denominated an action for malicious prosecution or false imprisonment. The gist of the action lies in the wrong done to the plaintiff, here, the defendant in the action, in the justice court, by the wrongful act of the defendant here, acting maliciously and without probable cause.

Without reviewing the numerous authorities upon the question as to whether the action would lie where the information or complaint in the justice court does not charge a criminal offense, a very recent case found in McIntosh v. Wales (Wyo.) 134 Pac. 276, discusses the question, and, after a careful and exhaustive consideration of the subject, the court says:

"It may be conceded, as eminent counsel for the defendants claim, that the complaint or information filed before the justice of the peace, and upon which the warrant issued, did not state a criminal offense, and it may further be conceded that the courts are at variance as to whether an action for malicious prosecution upon such a complaint can be maintained. The great weight of authority supports the right, and we think the better reasoning sustains that view. In Schattgen v. Holnback, 149 Ill. 646, 36 N. E. 969, it is said: 'It is not necessary, in order to sustain an action for malicious prosecution, * * * that the affidavit (on which the prosecution was based) properly charged the offense.' It may be said that that court had reference to a defective description of an offense, but not where there is no offense charged in the criminal complaint. In Bell v. Keepers, 37 Kan. 64, 14 Pac. 542, it was held that: 'In an action for malicious prosecution, it is no defense that the complaint upon which the warrant of arrest was issued did not state a criminal offense.' The reasons for so holding were pointedly stated in that case as follows: 'A warrant was issued substantially following the complaint. It is now claimed that this complaint does not state a criminal offense, and for this reason plaintiff insists that no action for malicious prosecution can be maintained for the arrest made thereunder. This is no longer an unsettled question in this state. This court has repeatedly held that it could not protect a claimant, after procuring a warrant to issue on his complaint, to say, in answer to a charge of malicious prosecution, that the complaint charges no crime. A void process procured through malice, and without probable cause, is even more reprehensible, if possible, than if it charged a criminal offense. The wrong is not in the charge alone but more in the object and purposes to be gained and the intention and motive in procuring the complaint and arrest. The contents of the complaint, when maliciously made, without good cause, is of but little consequence, and can give no protection.' * * * As already stated, there are courts which have held contrary to the views of Mr. Freeman as

above expressed and to those courts from whose opinions the above quotations are taken, but we think the better reasoning is with the courts which hold that the action can be maintained, even though the affidavit upon which the warrant was issued failed to charge a criminal offense, provided the other necessary elements are present in order to make out a case. Indeed, to hold otherwise would, we think, be contrary to the policy of the law, for it would deprive the injured party of a remedy for what is usually a great wrong and far reaching in its effect."

The demurrer will therefore be overruled, and the defendant given 30 days to answer.