WILLIAM B. BRENNAN *vs.* WINFIELD SCHUSTER.

FRANCIS X. WALSH *vs.* SAME.

Worcester. September 24, 1934. — November 7, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Motor Vehicle*, Registration, Operation, Guest's knowledge of unlawful operation. *Negligence*, Trespasser.

An automobile, registered in another State and not registered in this Commonwealth, and owned by one who was domiciled in the other State and had lived in a college dormitory here since September, 1929, was illegally operated on a public way here in May, 1930, because the owner was not a nonresident within the meaning of G. L. c. 90, § 1.

One, who in May, 1930, sustained personal injuries while riding on a public way in this Commonwealth as a guest in an automobile which he knew was registered in another State and was owned and operated by one who was domiciled there and had lived in a college dormitory in this Commonwealth from September, 1929, to the date of the injury, was *held* as a matter of law to have known or had reasonable cause to know, within the provisions of G. L. c. 90, § 9, that such automobile was being unlawfully operated on the public way at the time of his injury, and therefore to be barred from recovery in an action against a third person whose negligence caused the injury.

TWO ACTIONS OF TORT for personal injuries sustained in a collision of automobiles at the intersection of public ways in Worcester on May 6, 1930. Writs dated December 29, 1930.

In the Superior Court, the actions were heard together

by *W. A. Burns*, J., without a jury. Material facts found by him are stated in the opinion. The defendant asked in each action for a ruling: "On the evidence the automobile in which the plaintiff was riding was not legally registered under the laws of this Commonwealth." The judge refused so to rule and found for the plaintiffs, respectively, in the sums of $750 and $500. The defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton* & *R. C. Milton*, for the defendant.

*F. D. Mullins*, for the plaintiffs.

LUMMUS, J. The plaintiffs and one Kelley were seniors at Holy Cross College. The plaintiffs knew that Kelley's automobile was registered in New York, where he had his domicil, and not in Massachusetts, where to their knowledge he had lived in a college dormitory from September, 1929, until the time of the injury in question on May 6, 1930. The plaintiffs were hurt in a collision between the automobile owned and driven by Kelley, in which the plaintiffs were riding as guests, and one operated by the defendant. The trial judge, sitting without a jury, found that the collision was caused by the combined negligence of both operators. The plaintiffs were free from contributory negligence. The only question is, whether the lack of registration in Massachusetts bars them from recovery.

G. L. c. 90, § 1, in effect at the time of the injury, defined a nonresident as "any resident of any state or country who has no regular place of abode or business in the commonwealth for a period of more than thirty days in the year." The more recent definition established by St. 1931, c. 142, § 1 (G. L. [Ter. Ed.] c. 90, § 1), is not material. Within the controlling definition, Kelley was not a nonresident. His automobile could not lawfully be operated under G. L. c. 90, § 10, by virtue of a New York registration, but registration in Massachusetts was required. *Hanson* v. *Culton*, 269 Mass. 471. *Avila* v. *DuPont*, 278 Mass. 83. See also *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440; *Bellenger* v. *Monahan*, 282 Mass. 523. Until the enactment of St. 1915, c. 87 (G. L. c. 90, § 9), a guest riding in an unregistered or

improperly registered automobile was as completely barred
from recovery against a stranger causing injury by negli-
gence as was the owner and operator himself. *Feeley* v.
*Melrose*, 205 Mass. 329. *Conroy* v. *Mather*, 217 Mass. 91,
94. *Balian* v. *Ogassin*, 277 Mass. 525. Unless the plaintiffs
come within the protection of G. L. c. 90, § 9, the want of
registration in Massachusetts is fatal to their cases.

The statute (G. L. c. 90, § 9; G. L. [Ter. Ed.] c. 90, § 9)
provides that the operation of an unregistered automobile,
forbidden by the section cited, "shall not constitute a defence
to actions of tort for injuries suffered by a person" not the
owner or operator, unless it is shown that he "knew or had
reasonable cause to know that this section was being vio-
lated." In the present case it appears clearly that the plain-
tiffs knew all the facts from which flowed the legal conclusion
that the operation of the automobile was a violation of the
section cited. There is no finding that the plaintiffs knew
that such was the legal conclusion, and the general finding
for the plaintiffs imports a finding that the defendant had
failed to show that the plaintiffs either knew or had reason-
able cause to know the legal conclusion. If the judge, in the
face of the plaintiffs' knowledge of all the material facts,
nevertheless could find that they had no reasonable cause to
know the legal conclusion, his general finding for the plain-
tiffs must stand. The question whether he could so find is
properly raised by the defendant's exception to the refusal
of his requested ruling in each case that the plaintiffs could
not recover, since the judge required no specification of the
grounds of that request. *Anderson* v. *Beacon Oil Co.* 281
Mass. 108, 111, and cases cited. Therefore the decisive
question is, whether one who knows all the facts can be
found to have no reasonable cause to know the unescap-
able legal conclusion.

In a certain popular sense, one may be said to lack reason-
able cause to know the law applicable to known facts. The
ordinary man does not know and cannot know legal prin-
ciples and consequences as to which the most learned jurists
are troubled and sometimes disagree. Yet there are serious
practical difficulties in submitting to a jury or other tribunal

of fact the question whether one who knows all the facts may have reasonable cause not to know the law. We must assume that the Legislature, in enacting the statute of 1915, now contained in the section cited, had in mind that it would have to be applied in trials, before judge and jury, under the rules governing such trials. Under those rules, the judge must define the words "reasonable cause to know," and must withdraw the question from consideration by the jury if reasonable cause to know the unlawfulness of the operation of the automobile has been shown by incontrovertible facts.

If the view should be entertained that one who knows all the facts may reasonably be ignorant of the legal result, one of two standards would have to be set up. The standard might be internal, depending upon the intelligence, education, information and memory of the individual, and requiring the jury to try his qualities of mind and decide whether according to his lights he had reasonable cause to know the law. Such an inquiry would depart from most of the analogies in the law. *Labrecque* v. *Donham*, 236 Mass. 10. Holmes, Common Law, 108 *et seq.* The other possible standard is external, requiring the jury to create for themselves a mental image of a man of ordinary legal knowledge, with no more than a reasonable amount of ignorance of law, and then to inquire whether, in view of the knowledge of the facts possessed by the individual whose state of mind is being tried, the standard or ordinary man in the same situation would have reasonable cause to know the law. Not only would the jury be obliged to apply that standard to the facts found, but in clear cases the judge would have to enforce that standard by withdrawing the case from the jury. Difficult as it is to apply the standard of the reasonably prudent man in cases of alleged negligence, it would be still more difficult to set up the standard of the man reasonably well informed upon legal matters, the man of no more than reasonable ignorance of law. This case is not like an action against an attorney for negligence, in which a standard of reasonable professional knowledge has to be set up. *Montriou* v. *Jefferys*, 2 C. & P. 113. *Holman* v. *King*, 7 Met. 384. *Caverly* v. *McOwen*, 123 Mass. 574. For general use in the law, neither of the sug-

gested standards would be practical. We do not believe that the Legislature intended to make either of them the test. We think that the knowledge that is material is knowledge of the facts, and that one who knows all the material facts has, as matter of law, reasonable cause to know their legal result.

In *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30, the direction of a verdict for the defendant was sustained, where the plaintiff knew that his wife's automobile, in which he was riding at the time of a collision, was registered in her maiden name. The plaintiff argued that the statute expressly made his excusable ignorance of the law a protection, but the opinion implies that there was nothing for the jury once his knowledge of the facts was shown.

Similar words are found in other branches of the law. We mention the cases upon them not to approve the decisions of particular points, but merely to show the trend of judicial opinion. (a) The right to arrest without a warrant sometimes depends upon the question whether the arresting officer had reasonable cause to believe the arrested person guilty of a felony. *Commonwealth* v. *Phelps*, 209 Mass. 396, 404. In cases where the classification of the offence is doubtful, it has never been suggested to our knowledge that a reasonable but mistaken belief by the officer that the offence was legally a felony could justify an arrest. *Robinson* v. *Van Auken*, 190 Mass. 161. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 233. *Drennan* v. *People*, 10 Mich. 169. (b) In malicious prosecution, apart from the special rules that a conviction, though reversed (*Carere* v. *F. W. Woolworth Co.* 259 Mass. 238, 240, 241; *Burt* v. *Smith*, 203 U. S. 129, 134; *McElroy* v. *Catholic Press Co.* 254 Ill. 290, 298), and advice of counsel upon the law after full disclosure of the facts (*Monaghan* v. *Cox*, 155 Mass. 487; *Black* v. *Buckingham*, 174 Mass. 102), are ordinarily conclusive that the prosecutor had reasonable cause to believe the plaintiff guilty (*Bacon* v. *Towne*, 4 Cush. 217, 238, 239), it has been held that a prosecutor who knows facts which show that the plaintiff committed no crime cannot set up his mistaken opinion of the law as affording him reasonable cause for

prosecuting. *Hazzard* v. *Flury*, 120 N. Y. 223, 227. *Parli* v. *Reed*, 30 Kans. 534. *Rex* v. *Stewart*, 6 Manitoba, 257. *Crocker* v. *Storey*, 43 New Brun. 69, 76. 65 Am. L. R. 243. See also *Wills* v. *Noyes*, 12 Pick. 324, 326, 327. (c) A statute of this Commonwealth denies extraordinary relief from the bar of the short statute of limitations as to estates, to creditors who have been guilty of "culpable neglect" (G. L. [Ter. Ed.] c. 197, § 10), which may be deemed the reverse of having "reasonable cause" for delay. It has been intimated that reliance upon the mistaken belief that an executor had power to waive the short statute of limitations is "culpable neglect" as matter of law. *Nochemson* v. *Aronson*, 279 Mass. 278, 282, and cases cited. (d) At a time when our law distinguished between embezzlement and larceny, where a defendant was charged under Pub. Sts. (1882) c. 203, § 48, (G. L. c. 266, § 60,) with receiving stolen property, "knowing the same to have been stolen," Field, J., said, "If the defendant knew all the facts, and the facts constituted larceny, as distinguished from embezzlement, it would be no defence that the defendant thought that the facts constituted embezzlement." *Commonwealth* v. *Leonard*, 140 Mass. 473, 479. In that case knowledge of the material facts was held, not merely reasonable cause for knowledge, but knowledge itself, of the legal conclusion. See also *Commonwealth* v. *McKnight*, 283 Mass. 35, 39, 40; *Witherington* v. *Eldredge*, 264 Mass. 166, 174, 175; *Commonwealth* v. *Connelly*, 163 Mass. 539; *Commonwealth* v. *Peakes*, 231 Mass. 449, 457. Compare *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 144, 145; *Vogel* v. *Brown*, 201 Mass. 261; *Commonwealth* v. *Ballou*, 283 Mass. 304, 314.

*Exceptions sustained.*

*Judgment for the defendant in each case.*