Jones, P. J.
This is an action of tort in which plaintiff seeks to recover for personal injuries received while riding June 11, 1937, as a guest in an automobile owned and operated by her son-in-law.
The answer is a general denial with an allegation of contributory negligence. All the evidence is reported.
Upon the morning of the accident it was rainy and foggy, and the automobile, of which the plaintiff occupied the back seat, was crossing route 20 in Massachusetts. At the time the automobile was being unlawfully operated because the car was registered in Nebraska, and had been in Massachusetts more than thirty days without any permit for its operation in Massachusetts. Although it is not shown that the plaintiff knew of the illegal operation of the automobile.
*4 The judge rightly ruled that the car was being illegally operated at the time of the accident, and for this reason found against the plaintiffs, other than the plaintiff in this case.
It becomes necessary to view the evidence most favorable to the plaintiff as the finding in the court below was for the plaintiff.
The plaintiff was about 58 years of age; of no particular trade or calling; born and brought up on a farm in the West, of limited education, mentally dull and slow of thought, of slight physique; at the time of the accident she was seated on the left of the back seat of the automobile; and, just before the accident was looking ahead as the automobile was crossing the street; she then, for the first time, saw evidence of danger from the car of the defendant proceeding on her side, and shouted to her driver, “look out.” There was a collision between the cars and she was severely injured. Without question the automobile in which the plaintiff was riding at the time of the accident could not lawfully be operated in Massachusetts, under G. L. (Ter. Ed.) c. 90, §10,, under a Nebraska license. Registration was required in Massachusetts after 30 days’ operation in Massachusetts. Brennan v. Schuster, 288 Mass. 311, 312, and cases there cited. Before the enactment of the Acts of 1915, c. 87, now in G. L. (Ter. Ed.) c. 90, §9, the plaintiff would have been barred from recovering in this case as was the owner and operator of the car. Brennan v. Schuster, 288 Mass. 311, 312, 313. And to recover in this case the plaintiff must da so under G. L. (Ter. Ed.) c. 90, §9, which provides that,
“the operation of an unregistered automobile forbidden by the section cited shall not constitute a defense1 to actions of tort for injuries suffered by a person ‘not the owner or operator, unless it is shown he knew or had reasonable cause to know that this section was being violated.,’
*5 And it must be shown that plaintiff had “reasonable cause to know” this section was being violated, as a bar to her recovery in this case.
In Brennan v. Schuster, 288 Mass. 311, Mr. Justice Lummus in his opinion says that the case warranted the finding of the justice of the Superior Court because defendant “had failed to show that the plaintiff either knew or had reasonable cause to know the legal conclusion” that the car was being operated without a license. Likewise in the case at bar, if the finding for plaintiff was warranted, we cannot disturb the finding.
In Knapp v. Amero, Mass Adv. Shts. (1937) 1569, a plaintiff, eighteen years of age was allowed recovery on the ground that “there was no evidence to show that the plaintiff knew or had reasonable cause to know that the vehicle in which she was riding at the time of the accident was being operated in violation of law.”
In the present case, as in the case of Brennan v. Schuster, 288 Mass. 311, at page 313, the decisive question is, ‘ ‘Whether one who knows all the facts can be found to have no reasonable cause to know the unfavorable conclusion.”
In the case we are considering we have a finding of fact in reference to this plaintiff and, thereby, some slight index as to her state of mind. She was fifty-eight years of age; came from Nebraska in the car with her son-in-law. She did not know what color the car was, did not know if the car had some number plates in Nebraska, or if it had any when it left Nebraska. She paid no attention to what plates were on the car and she had no knowledge of any license to operate the car; she had never owned or driven a car, and she did not know what registration meant. The burden of proof to show the plaintiff within the exception of the statute was upon the defendant, Conant v. Mather, 275 Mass. 91, 95.
*6 The trial judge who heard the case found as a fact that the car had been in Massachusetts more than thirty days, and that at no time had there been any application for registration and that the automobile was improperly upon the highway; that regarding the case of this plaintiff, other than the facts already stated, he found that the plaintiff was of no particular trade or calling; was born and brought up on a farm in the West, of limited education, and mentally dull and slow of thought, of slight physique, and came from Nebraska with the other plaintiff in Mr. Pryor’s car; that just before the impact the automobile in which plaintiff was riding was then turning to go to the side of the road, and the plaintiff exclaimed “Look out.” Immediately thereafter the automobile was struck on its right side; plaintiff had never had an automobile license; had never owned or driven an automobile and did not know what registered or registration meant. The trial judge made a finding that there was no violation of the law by the plaintiff and no contributory negligence on her part; that the defendant offered no evidence to show that this plaintiff was the owner or operator of the automobile in which she was riding; that she did everything that could be reasonably expected of an invited guest in the way of looking-out for her safety; and further found that there was no* evidence to show that the plaintiff did not suppose that the operator of the automobile in which she was a guest had the necessary license and was acting against the prohibition of the statute.
The defendant asked the trial judge to rule, — 12, 13, 14,, 15, 18, 19, 20, 21, 22, and 23 that the evidence warrants the-court to find that the plaintiff knew the automobile in which she was riding was illegally registered; or knew or .had reasonable cause to know that the automobile in which she was riding was not registered in Massachusetts; that-said automobile carried Nebraska registration on it at the- *7 time of her alleged accident; that plaintiff knew that the automobile was registered in another state and was owned and operated by one who had a place of abode or place of business in this Commonwealth prior to her alleged accident; that the plaintiff knew or had reasonable cause to know that the automobile in which she was riding was registered in Nebraska and that it had been in Massachusetts for more than 30 days prior to her alleged accident and was owned and operated by one who had a place of abode or business in Massachusetts; that plaintiff knew or had reasonable cause to know that the automobile in which she was riding was being unlawfully operated on the public way at the time of her injury and is barred from recovery in this action; that plaintiff knew or had reasonable cause to know that she was riding in an automobile with Nebraska plates which had been in Massachusetts for more than thirty days; that the evidence warrants the Court to find that the plaintiff knew or had reasonable cause to know that the automobile in which she was riding was illegally registered, and that plaintiff had reasonable cause to know that General Laws, (Ter. Ed.) Chapter 90, sections 1 and 9 were being violated and is bound by such violation.
Acting upon these requests the trial judge refused them, giving as his reason that he found on the evidence the plaintiff did not know the automobile was illegally registered; and did not know whether or not it was registered, there being no evidence to show this fact, and found plaintiff did not know or have reasonable cause to know that the ■automobile in which she was riding was not registered in Massachusetts; and there was a want of evidence in relation to the knowledge of the plaintiff, and there was no evidence that the plaintiff knew the automobile was registered in another state.
Bequests 18, 19, 20, 21 and 22 were all refused because there was no evidence that the plaintiff knew the automo *8 bile was registered in another state; and request 23 was refused because the plaintiff had no knowledge of the violation of- the law by the plaintiff, and because plaintiff had no knowledge regarding the license of the operator.
We see no error in respect of these requests. It may well be that-a foreign car operated on the highway after thirty days would, even if it had a permit, carry no outward sign that it was properly registered or lawfully authorized to run in Massachusetts. Foreign cars are often operated in Massachusetts after the expiration of thirty days under a permit and nobody has any knowledge about that matter other than the register of motor vehicles and the owner of the car.
Further it could not be contended if the mentality of this plaintiff was that of a child five years of age that she would be charged with knowledge of the illegal operation of such a car as is in this case involved, and it must follow that a person older in years may be of such mental condition that she could be found, as was this plaintiff, of not sufficient mental ability to comprehend' the actual facts as to the registration of the car, such as would prevent her from recovering in a case of this nature.
The trial judge denied the defendant’s tenth request for ruling which reads: The evidence warrants the court to find, for the defendant. This was disposed of by the judge denying it, and then he added — “Denied for noncompliance with the rules of the District Courts, because it failed to. set forth specific grounds for same.” This request, entitled the defendant to its allowance or a showing that it had become irrelevant. Bresnick v. Heath, Mass. Adv. (1935) 2297, 2301, and the ruling sought was designed! to test the sufficiency of the evidence. Forbes v. Gerber, Mass. Adv. Shts. (1937) 1053, and was proper under Rule XXVII of the Rules of the District Courts, 1932 Ed. Forbes *9 v. Gerber, Mass. Adv. Shts. (1937) 1053, 1055. And if this request stood alone in the case without the findings of fact that were made by the trial judge we would say its denial constituted error. But in the two cases arising in this Division, Natlin v. Grant, 1 A. D. R (1936 ) 414, 415; Westcott v. Doyle, 2 A. D. R (1937) 427, cited and relied upon by the defendant, no requests for rulings other than those of the nature of the one we are describing were in issue; and of course it was held that the rulings requested should have been given or some sufficient reason given for the action thereon. In the case at bar a sufficient reason is given in the findings of fact made by the trial judge and it is only necessary in the case at bar to consider express findings of the court, where he finds as a fact that the plaintiff is of such dull intellect that she could not be held chargeable with knowledge that the car, a foreign car present in this state for thirty days or more, should have the proper authority to legalize its operation here. This case is thus brought directly within the doctrine of Bresnick v. Heath, supra, at page 2301 where, in substance, it is stated that if a request is denied where “the record is fairly susceptible of the construction that this denial was rendered immaterial by findings of fact made by the trial judge,” such a ruling may stand, although the ruling itself should have been given. The judge also refused it upon other grounds not necessary to consider here. In the finding made, the trial judge not only made the finding of facts above referred to, but also took care of the alleged surrender of the plaintiff to the “care and custody” of the defendant as he found as a fact that just preceding the accident the plaintiff was looking ahead and upon suddenly seeing the defendant coming from her side she shouted, “Look out”; and the judge properly enough found her in the exercise of due care and showed why he refused the ruling we are discussing. We think this ruling and its dis *10 position is properly taken care of also by the finding of fact made by the trial judge when he finds the circumstances such that the plaintiff is not chargeable with knowledge of the illegal use of the car in Massachusetts. It further can be found in the case that so far as it had appeared at the time of the accident, the owner and operator of the car might have had in his possession the authority to operate the car in Massachusetts. The burden of proof, necessary in this case, to bind the plaintiff was upon the defendant to show that the “plaintiff knew or had reason to know that it was not legally registered. ’ ’ Balian v. Ogassin, 277 Mass. 525, 531. Although the trial judge should have said that he refused this ruling because of facts found that were contrary yet we cannot say he was in error. Rathgerber v. Kelley, Mass. Adv. (1938) 331, 332. These facts do not compel this court to reverse the finding where “the record shows that the general finding is right.” Slocum v. Natural Products Co. Mass. Adv. Shts. (1935), 2489, 2491, 2492; Rathgerber v. Kelley, Mass. Adv. Shts. (1937) 338. And although the judge may have been in error in refusing this ruling, yet, as his conclusion upon the facts is correct, we should allow his finding to stand. Freeman v. Robinson, 238 Mass. 449, 451, 452; Rathberger v. Kelley, supra, 338.
In Bacon v. Boston Elevated Railway, 256 Mass. 30„ there was abundant evidence that plaintiff had reasonable ground to know of the illegal registration of the car in question. Ralli v. Converse, 227 Mass. 162 is a case in point, where plaintiff, although a rider in a car without legal registration, and it was held he could recover.
The defendant claims the trial judge erred in denying request 4, — The court is warranted to find that the negligence of the operator of the automobile in which the plaintiff was riding was imputable to her; and 5, — The plaintiff *11 entrusted her safety to the operator of the automobile in which she was riding and is bound by his negligence. These requests were refused; 4 for reasons set forth in the finding of facts made by the trial judge, and 5, was refused as the trial judge found the plaintiff did not entrust her safety solely to the operator of the car.
The fifth request is certainly a request for a finding of fact. As the trial court found that the plaintiff as soon as she knew of the defendant’s automobile approaching, shouted and took all the precautions she could under the circumstances, we cannot say that there was any error in the denial of this request even if it was anything other than a request for a finding of fact.
As to the fourth request, the trial judge refused it because of his finding of facts that the plaintiff did not entrust her safety entirely to the operator of the automobile, but sensed the danger as soon as it was apparent and spoke out at once regarding it. We fail to see how she could have spoken any earlier, as the danger was not apparent until the automobile in question was upon her from her side.
We are unable to find any prejudicial error in the conduct of the trial, and the report is dismissed.