Pettingell, J.
The plaintiff was injured in Massachusetts while riding as a passenger in a car registered in New Hampshire. The trial judge ruled that the evidence did not warrant a “finding that the vehicle was legally upon the ways of the Commonwealth at the time of the accident,” and found that it was being operated illegally. At. the oral argument, counsel for the plaintiff conceded that the finding and ruling are not open to attack.
■ The only issue presented by the appeal arises from the* finding of the trial judge that “the plaintiff did not know and did not have reasonable cause to know that the automobile was illegally registered” and his consequent denial of three requested rulings involving the interpretation of that part of G. L. (Ter. Ed.) C. 90, §9, which allows recovery by a passenger in an automobile without proper registration “unless it is shown that the person injured * * * knew or had reasonable cause to know that” the statute* was being violated.
*35 The trial judge found as fact that the plaintiff knew that the automobile was registered in New Hampshire and was not registered in Massachusetts, that its operator had been operating it in Massachusetts for more than thirty days, and had established a temporary residence and a place of abode in Massachusetts; but that she “did not know, and did not have reasonable cause to know that the automobile was illegally registered.”
He expressly differentiated the case from Brennan v. Schuster, 288 Mass. 311, because there exists in this case an applicable provision of law which did not and could not apply in that case. Under G. L. (Ter. Ed.) C. 90, §3, a nonresident owner, who has the proper insurance coverage, may secure from the registrar of motor vehicles a permit for operation in Massachusetts without registration here. In this case, if the owner had had the required insurance and had secured such a permit, and had had the permit on her person or in the automobile in some easily accessible place, her operation of her automobile at the time of the accident would have been legal without Massachusetts registration or Massachusetts plates. Under the circumstances of this case such permitted operation could have continued for three months.
The trial judge found that the plaintiff had talked with the owner about the lack of Massachusetts registration; that she had been informed by the owner that she, the owner, “had telephoned to an office of the registry of motor vehicles and was informed that she was allowed to operate her automobile in this Commonwealth for ninety days without registration here.”
While it is apparent that the owner of the automobile could have secured a permit to operate and could have operated legally without Massachusetts registration, it is also a fact that she did not have the necessary insurance *36 and never applied for the permit. The trial judge found as fact that the plaintiff did not know that a permit was required and “had no knowledge as to whether or not a permit had been issued. ’ ’
Brennan v. Schuster, 288 Mass. 311, at 313, 316, decides that the plaintiffs, in that case, who knew “all the facts,” had reasonable cause to know that- the automobile was being operated in violation of the law. In that case, the plaintiffs, from close and constant association with the owner of the automobile, knew that he had had a place of residence in Massachusetts for a considerable time, and that his automobile was not registered here. There were no alternative provisions of law applicable in that case which, with additional possible facts, might have made operation legal without Massachusetts registration. The plaintiffs knew all the facts and, constructively knew the law.
In the instant case, the plaintiff knew one set of facts; that the car was registered in New Hampshire and not registered in Massachusetts; that the owner had a place of business and a place of abode in Massachusetts, and had operated her car here more than thirty days but less than three months. She did not know that the owner had not secured the possible permit which would allow operation without change of registration. The report does not state whether or not she knew that the owner had the required insurance; neither does the report state that it contains all the material evidence and there may have been other evidence, not reported, which influenced the trial judge’s decision.
We think that the trial judge was correct in distinguishing the case before him from Brennan v. Schuster, 288 Mass. 311, not on the ground that knowledge of all the facts does not constitute reasonable cause to know that there is a violation of the law, but because the plaintiff here did' not *37 know all the facts. She knew some facts, which, under one set of conditions, amounted to a violation of the statute, but there was another possible set of facts, which, if they did exist, made the owner’s operation of her car legal without Massachusetts registration. The plaintiff had had called to her attention the possibility of such permitted operation without having actual knowledge of the facts and procedure prerequisite to such a permit. The trial judge found that what she did know did not amount to reasonable cause to know that the statute was being violated.
The statute does not turn on reasonable cause to know the facts; it specifies that recovery is prevented if there is reasonable cause to know that the statute is being violated. The vital matter which prevents recovery is the particular knowledge of the violation of the statute. Brennan v. Schuster, 288 Mass. 311, decides that if all the facts are known, there is constructively such knowledge. “The only matter for evidence, therefore, was what facts were known” Bicknell v. Mellett, 160 Mass. 328, at 330.
“Reasonable cause to believe” is an issue “of fact to be established by proof and found by the jury,” Forbes v. Howe, 102 Mass. 427, at 436. Reasonable cause to know that a statute is being violated would seem similarly to be a question of fact. The wording of the statute places upon the defendant the burden of establishing that fact, as an affirmative defense. The findings here, that the plaintiff did not know whether or not a permit had been issued, and did not know that the automobile was being operated illegally, amount to a finding of fact that she did not know that the statute was being violated.
The defendant’s second request raised the issue whether ■ such a finding of fact was warranted by the evidence. In our opinion it was. It is apparent that actually the plaintiff did not know that the statute was. being violated. This would afford her no protection if she had knowledge of 11 all *38 the facts,” for1 the case would then be within the scope of Brennan v. Schuster, 288 Mass. 311, and she would be charged with constructive knowledge of the law. There cannot be such constructive knowledge, however, without actual knowledge of all the facts material to the situation. If it had been shown here that the plaintiff knew that the owner did not have the insurance necessary for the statutory permit, there would then have been constructive knowledge that such a permit could not have been issued and that the statute was being violated. In the absence, however, of that knowledge, or of knowledge that no permit had been issued, the trial judge was not, as matter of law, compelled to rule that such constructive knowledge existed.
We find no error in the judge’s rulings. The report is to be dismissed.