Rowe, J.
This is an action of tort in which the plaintiff seeks to recover for damage to his automobile while *60 being operated by him. upon a way in this Commonwealth, said damage being caused by the alleged negligence of the defendant. The defendant’s answer is a general denial and an allegation of contributory negligence, with a further allegation that the plaintiff’s car was illegally registered and was a nuisance on the highway, all of which the plaintiff had knowledge. The trial judge found for the plaintiff.
The principal question in the case is whether the car was illegally registered. The defendant contends that as matter of law upon the facts stated in the report that the car was illegally registered, and he claims to be aggrieved by the ' denial of his requests for rulings directed to that point.
The facts bearing on registration as stated in the report are as follows: “The plaintiff admitted that six weeks prior to the accident he had come into Massachusetts to work and was living at the Brockton Y. M. C. A.. at the time of the accident, that he was still engaged in the same position at the time of the trial as at the time of the accident; that his wife had driven the car into Massachusetts just before the accident; that at the time of the accident the plaintiff’s car was equipped with license plates lawfully issued by the State of Pennsylvania and that the plaintiff carried an automobile liability policy in accordance with the definition of Gen. Laws C. 90, Sec. 344 as amended, that shortly after the accident the plaintiff established a home within the Commonwealth of Massachusetts.”
In his brief the defendant quotes the following portions of sections of G. L. C. 90—Section 3 as amended states in part:
“Motor vehicles owned by non-residents — Subject to the provisions of section three A and except as otherwise provided in section ten, a motor vehicle or trailer *61 owned by a non-resident who has complied with the laws relative to motor vehicles and trailers, and the registration and operation thereof, of the state or country of registration, may be operated on the ways of this commonwealth without registration under this chapter, to the extent, as to length of time of operation and otherwise, that, as finally determined by the registrar, the state or country of registration grants substantially similar privileges in the case of motor vehicles and trailers duly registered under the laws and owned by residents of this commonwealth provided, that no motor vehicles or trailer shall be so operated on more than thirty days in the aggregate in any one year or, in any case where the owner thereof acquired a regular place of abode or business or employment within the commonwealth, beyond a period of thirty days after the acquisition thereof, except during such time as the owner thereof maintains in full force a policy of liability insurance providing indemnity for or protection to him, and to any person responsible for the operation of such motor vehicle or trailer with his express or implied consent, against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, caused by such motor vehicle or trailer, at least to the amount or limits required in a motor vehicle liability policy as defined in section thirty-four A. , . . ”
G. L. (Ter. Ed.) c. 90, sec. 1, as amended in its pertinent provision defines “non-resident” as follows:
“ 'Non-resident’, any person whose legal residence is not within the commonwealth.”
G. L. (Ter. Ed.) c. 90, sec. 9, reads, in its pertinent provisions, as follows:
“Section 9. No person shall operate any motor vehicle . . ., and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way except as authorized by section three, unless such vehicle is registered in ac *62 cordance with this chapter . . .; but violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person, ... or for injury to property, . . . unless it is shown that the person injured in his person or property . . . was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the person so injured . . ., or the owner of the property so injured, knew or had reasonable cause to know that this section was being violated. ...”
The defendant’s first contention is that the plaintiff could not have been found to be “non-resident” as the same is now defined by section above quoted. We are of the opinion that upon the facts stated the plaintiff could have been found to have been a non-resident, that is, a “person whose legal residence is not within the Commonwealth.” St. 1931 c. 142.
In Gondek v. Cudahy Packing Co., 233 Mass. 105, 110, decided prior to the 1931 statute, the court said “the defendant was not a non-resident within the meaning of St. 1909 c. 534 S. 1, as amended by St. 1914 C. 204 S. 1 in force at the,time of the accident. By that statute ‘non-residents’ as used in the automobile laws is in substance defined to mean ‘resident of states or countries who have no regular place of abode or business in the Commonwealth for a period of more than thirty days- in the calendar year’. It is conceded that the defendant had places of business in Massachusetts. Therefore the provisions of the automobile law respecting non-residents were not applicable.”
In Brennan v. Schuster, 288 Mass. 311, 312 the plaintiff had hired a dormitory in Massachusetts from Sept. 1929 until the accident on May 6, 1930, although be had his domicile in New York. The court said “G. L. c. 90 s. 1, in effect at the time of the injury defined non-resident as ‘any resident of any state or country who has no regular *63 place of abode or business in the Commonwealth for a period of thirty days in the year’. The more recent definition established by St. 1931 c. 142 s. 1 (G. L. (Ter. Ed.) c. 90 s. 1.) is not material.”
The 1931 statute as above stated defines a non-resident as any person whose legal residence is not Massachusetts. Prior to the 1931 statute the non-resident would be “any resident” of the other state. (Jenkins v. North Shore Dye House Inc., 289 Mass. 561, 566). But by the 1931 statute such resident must be a “legal resident” of such other state.
The plaintiff could have been found to be still a legal resident of Pennsylvania at the time of the accident. A domicile would be a legal residence. Every one must have a domicile and the domicile of origin is not lost until a new one is acquired. Com. v. Davis, 284 Mass. 41.
The only states mentioned in the case at bar are Pennsylvania and Massachusetts. The plaintiff, a married man, with a car with Pennsylvania plates, comes into Massachusetts shortly before the accident and his wife brings the car into this state. It could have been found that the plaintiff was domiciled in that other state from whence he came (Pennsylvania) and had not as matter of law changed his domicile to the state into which he came (Massachusetts), and that hence he was a “legal resident” of another state and therefore a non-resident as defined in the automobile law.
The defendant next contends that if the plaintiff could have been found to have been a non-resident then that his car was still illegally registered, at the time of the accident. He argues that “the plaintiff had regular place of abode within the Commonwealth for more than thirty days after the acquisition thereof.” He argues that such period was at least six weeks.
*64 It will be noticed that the statute requires not simply a place of abode, but “a regular” place of abode.
“Place of abode” is defined in Black’s Law Dictionary ‘ ‘ as something more than a place of temporary sojourn, it contemplates residence and implies permanence.” The same authority in defining “usual place of abode” says it has been defined to be “the customary or settled place of residence; a regular, fixed and permanent residence as distinguished from a temporary stopping or abiding place.”
The plaintiff was in this state at the Brockton Y. M. C. A. for six weeks. But he had a right to operate his car for 30 days after the “acquisition” of a regular place of abode. Eliminating these 30 days from the period of six weeks would mean that in order to have violated the law in respect above mentioned there must have been an acquisition of a regular place of abode in a period of just under two weeks duration from his first coming into this state.
The plaintiff had come here to work (the report does not say whether that was to seek employment or to start on a job already secured). His wife and his car had not arrived within that period. What his intentions as to his work does not appear in detail and it might well be that his mind was not made up as to what he was to do or where he would later reside. The question of his having a regular place of abode was a question of fact. (The judge so ruled by granting the defendant’s requests 1 and 2.)
The defendant relies on Hanson v. Culton, 269 Mass. 471. But in that case the facts were different, and the period of time extended over several months and as is stated in the editorial comment on that case in Annotated Laws of Mass. Vol. 3 page 86 the statute has been amended since that case was decided.
*65 Relative to a contention as to the plaintiff’s being employed in addition to what has been said above as to regular place of abode, the report simply states that the plaintiff was still engaged in the same position at the time of the trial as at the time of the accident, but it goes no further back than that.
It cannot be said that as matter of law the car was being illegally operated at the time of the accident.
The defendant further claims to he aggrieved by the action of the trial judge relative to his request for ruling that a finding for the defendant was warranted. As to this request the judge ruled “allowed if believed.” This, in effect, “granted the request and then, after weighing all the evidence” found for the plaintiff. There was no error here. Dangelo v. Farina, 310 Mass. 738, 759.
Report dismissed.